## HUFF & BUCK v. POWESHIEK COUNTY.

1. **County:** LIABILITY FOR DAMAGE BY DECAYED BRIDGE: MEASURE OF DILIGENCE REQUIRED. A county may incur liability for neglecting to use care and diligence in inspecting and repairing its bridges, whether the need of such repairs be open and obvious or not, and it is a question for the jury to determine from the evidence whether a county has been thus negligent.

*Appeal from Poweshiek District Court.*

TUESDAY, APRIL 3.

ON the 17th day of May, 1880, the plaintiffs attempted to cross a county bridge, in Poweshiek County, with a road grader and some horses. The bridge broke down and precip-

itated the grader and horses, and men in charge of them, to the bed of the stream below. This action was brought to recover damages of the county for injuries to the said horses and the grader, caused by the accident, upon the alleged ground that the county was negligent in the original construction of the bridge, and negligent in permitting the same to become decayed, rotten and out of repair. There was a trial by jury, and a verdict and judgment for plaintiffs. Defendant appeals.

*A. W. Ballard* and *John T. Scott*, for appellant.

*Redman, Carr & Farmer* and *Clark & Cheshire*, for appellees.

ROTHROCK, J.—The bridge in question was erected in June, 1873, nearly seven years prior to the accident. There was no evidence that the structure was originally defective. Indeed, the jury found that as originally, constructed, it was sufficient "to bear up any load and team." The fact is not disputed that the accident happened by reason of the decay and rottenness of the timbers, and there is no evidence that the plaintiffs had any knowledge of the defect, and they, therefore, could not be held to be negligent in driving upon the bridge. And there was no evidence that any member of the board of supervisors had any actual notice of the defective condition of the bridge. The controversy, therefore, resolved itself into the simple inquiry whether or not the county authorities should have discovered the defect by exercising the care and diligence required of them by law.

The theory upon which the defendant relied in the defense of the case upon this question was embodied in an instruction which was requested by the defendant to be given to the jury, which was as follows:

"3d. If the jury find from the evidence that the bridge in controversy was defective by reason of the timbers becoming rotten by the weather and rains, and this defect was the cause

of the accident, then, before the jury can find the defendant liable therefor, they must find that defendant, or some of the officers whose duty it was to look after county bridges, had notice of such defect, or that the said defect was so open, visible and notorious that such officers must, in the nature of the case, have had notice therof, or been guilty of negligence by not knowing the same."

This instruction was refused, and the court instructed the jury as follows:

"11th. If you find that the bridge was unsafe, as mentioned in the last paragraph, then the county is liable, provided you also find the board of supervisors, or any member thereof, knew of its decayed or unsafe condition, or that by the exercise of ordinary care and watchfulness they would have known of its condition, and on this point you will bear in mind it is incumbent on the county, through its officers, to use due care and watchfulness in looking after, inspecting and repairing its bridges on the public highways, that bridges may be repaired and replaced when they have become unsafe, to the end that persons passing over them may be safe."

It will be observed that the instruction given by the court does not, in the absence of actual notice, limit the liability of the county for such defects as are open, visible and notorious, but holds in effect that liability may be incurred by neglecting to use care and diligence in inspecting and repairing bridges, whether the need of such repairs be open and obvious or not. The rule of this instruction as applicable to the facts of this case appears to us to be correct. It is in substance very nearly the same as an instruction which was approved by this court in *Ferguson v. Davis Co.*, 57 Iowa, 601.

It will be observed that the bridge in question was nearly seven years old at the time of the accident. The evidence tends to show that the ordinary life of a bridge of this character is seven to eight years, and that, even during that time, some of the timbers might need replacing. The evidence further

tends to show that the bridge was shaky, and preceptibly moved under loads for a year or more before the accident, and that this was well known to those in the vicinity who had occasion to use it frequently. Now it was a question for the jury to determine whether a county, under these circumstances, should be held to be negligent. In other words, if a jury should find, under this evidence, that a county was negligent in allowing a wooden bridge to stand nearly seven years without any examination of its condition, when such examination would have shown that its timbers were rotten, and the bridge dangerous, we cannot say that such finding is not warranted from the evidence and under the law. This is in effect what the jury found by their general verdict, and in answer to certain special interrogations propounded to them by the court at the instance of the defendant. The defendant complains because the answers to these special interrogations were not set aside by the court. It is true, these answers were not strictly responsive to the questions, but responsive answers to the questions would not have required the jury to find for the defendant.

AFFIRMED.