## COOK v. THE CITY OF ANAMOSA.

1. **Cities and Towns:** DEFECTIVE SIDEWALKS: LIABILITY FOR NEGLI-
GENCE. When a sidewalk constructed in a proper manner afterwards
gets out of repair, and an injury is caused thereby, the city or town is
liable therefor, if it had actual notice of the defect in such time that by
reasonable diligence it might have repaired it, and thus prevented the
injury; or if the defect was of such a nature, and had existed for such a
time, that by the exercise of ordinary care it would have learned of the
defect in season to prevent the injury by repairing the walk; following
cases cited.

2. ———: ———: NOTICE TO CITY: WHAT IS NOT. Where the city marshal
was clothed with no power and charged with no duty in regard to the
repairing of sidewalks, notice to him of a defect in the walk was not
notice to the city, and did not bind the city.

3. ———: ———: ———: DEFECT NOT OBVIOUS. A city is not charged
with notice of a defect in a sidewalk which is not apparent to the ordi-
nary observer, and whose existence is not known to the inhabitants of the
city generally.

*Appeal from Jones Circuit Court.*

MONDAY, JUNE 8.

ACTION for damages on account of a personal injury sus-
tained by plaintiff while traveling on one of the streets of
the defendant city, and which was occasioned, as is alleged,
by a defect in said street. There was a verdict and judg-
ment for defendant, and plaintiff appeals.

*Sheean & McCarn,* for appellant.

*R. M. Bush,* for appellee.

REED, J.—Plaintiff, while walking on a sidewalk on one
of defendant's streets, was struck and severely injured by a
loose plank, which was thrown up by the weight of a person
who was walking with plaintiff, and who stepped on the part
of the plank which was outside of the sill on which it rested.

The evidence tended to show that the plank had been loose for as much as two weeks before the accident happened, and the fact that it was loose had been noticed by a number of residents of the city.   Ordinarily it lay in its proper position in the walk, but on one occasion it was taken out of the walk and thrown into the street, where it remained for a few hours, when it was put back into its place in the walk.   A person walking alone on the middle of the walk would not be likely to notice that the plank was loose; but if he stepped on the portion of it outside of the sill, the other end would be thrown up by his weight; and the attention of those persons who had noticed that it was loose was called to the fact by seeing it thrown up in that manner.   A number of witnesses testified that they had passed over the walk frequently during the time the plank is said to have been loose, and that their attention was not called to its condition.   There was also evidence tending to show that the city marshal was informed, a few days before the accident, of the defect in the walk, but no steps were taken by the city to repair the walk until after the injury occurred.   It is not claimed that the walk, as originally constructed, was in any manner defective. Nor is there any evidence that any officer of the city, except the marshal, had actual knowledge before the injury that the plank was loose.

When the parties had introduced all of their evidence, the court instructed the jury that plaintiff was not entitled to recover, and a verdict was accordingly returned for defendant.   It is the settled rule in this state that when a sidewalk, originally constructed in a proper manner, afterwards becomes out of repair, and an injury is thereby occasioned, the municipal corporation whose duty it was to keep it in repair, is liable therefor, if it had actual notice of the defect in such time as that, by the exercise of reasonable diligence, it might have repaired it, and thereby have prevented the injury, or if the defect was of such a nature and had existed for such a

1. CITIES and towns: defective sidewalk: liability for negligence.

period of time as that, by the exercise of ordinary care and diligence in the discharge of its duties, it would have learned of its existence in time to prevent the injury. *Rice v. Des Moines*, 40 Iowa, 638; *Montgomery v. Des Moines*, 55 Id., 101. The holding of the circuit court was, in effect, that the notice of the defect which was communicated to the marshal was not notice thereof to the city, and that the defect was not of such character as that the city could be charged with negligence in failing to learn of its existence before the injury.

I. The marshal was not charged either by statute or ordinance with any duty with reference to the inspection or

2. —: ——: repair of streets or sidewalks. By an ordinance of the city it was made the duty of the street committee to examine the sidewalks, and they were empowered to order that any sidewalk be repaired by the property owner on whose property it abutted, and they had authority to direct the marshal to notify the property owners to make the repairs which they ordered. But he was not charged with any duty or clothed with any power, either to make repairs or determine that any should be made. He was simply a peace officer, having power to make arrests, and to serve such writs and execute such processes as should be directed to him. His powers and duties are prescribed and defined by section 533 of the Code. The city would undoubtedly have been affected by any notice of the defect given to its mayor, for he is its executive officer, and is clothed with general executive powers. It would likewise have been affected by notice to its council, for that body is charged with the duty of making provision for the repairs and improvements of its streets and walks; and, as the duty to inspect the sidewalks and order their repair was specially imposed upon the street committee, the city would doubtless have been affected with any notice of the defect which had been given to that committee, or the individual members of it. But we think the circuit court correctly held that it was not affected by the notice given to the marshal.

Cook v. The City of Anamosa.

That officer, as we have seen, was charged with no duty with reference to the matter. He was not required, in the discharge of any of his official duties, to repair the defect; nor had he any power to order such repair to be made by any other person; nor was he required, in the discharge of any official duty, to communicate to the mayor, or council, or street committee, the information which he had received concerning the defect. It cannot be said, then, that he was negligent in not communicating it, nor can the city be charged with negligence because of his failure to take any action with reference to it.

II. We think, also, that the holding of the circuit court on the other question is correct. The defect in the sidewalk was not apparant to the ordinary observer, but it required a close investigation to discover that the plank was loose. Its existence was not known to the inhabitants of the city generally. Those who knew that the plank was loose had had their attention specially called to it, either by themselves stepping upon it in such a manner as to throw it up, or by seeing others do so. It cannot be said, in view of these facts, that the city was negligent in failing to ascertain the existence of the defect before the injury occurred. It is not shown that there was anything in the circumstances of the case which required the city to make an inspection of the walk. Nor is it clear that the defect would have been discovered by an ordinary inspection. Plaintiff was entitled to recover only upon proof that the city, or its officers whose duty it was to keep the walk in repair, had been guilty of negligence in not repairing it; and we think there is no evidence tending to prove that they had been negligent. The judgment of the circuit court will therefore be

                                        AFFIRMED.