## TRAPNELL v. THE CITY OF RED OAK JUNCTION.

1. **Personal Injury :** CAUSE OF : INSTRUCTION WITHOUT EVIDENCE. Plaintiff fell on defendant's sidewalk, and afterwards she had pain in her left breast, and a cancer developed there, and the breast was amputated. The evidence shows that the disease was hereditary, but that a bruise on the breast might have developed it. But there was no evidence that she received such bruise in the fall, nor that she had no pain in her breast before the fall. *Held* that the evidence did not justify an instruction submitting to the jury the question whether the growth of the disease was occasioned by the fall.

2. ———: DAMAGES: NURSING: INSTRUCTION WITHOUT EVIDENCE. In such case it was shown that plaintiff was cared for during her affliction by members of her father's family, with whom she lived; but there was no evidence of the value of their services, or that any charge was made therefor. The court instructed the jury that if plaintiff was entitled to recover, and the evidence showed that she had incurred expenses for her care by reason of the injury, they should allow her therefor. *Held* error, because there was no evidence to justify the instruction.

3. Cities and Towns: DEFECTIVE WALK: NOTICE: EVIDENCE. In an action for an injury on a defective sidewalk, the court properly permitted a witness, who at the time of the accident was a member of the city council, to testify to certain complaints made to the council concerning the condition of the walk, for such testimony tended to show due notice to the city of the defect. ( *Cook v. City of Anamosa*, 66 Iowa, 427, *distinguished.*)

*Appeal from Montgomery District Court.*—HON. A. B. THORNELL, Judge.

FILED, OCTOBER 19, 1888.

ACTION for the recovery of damages for a personal injury sustained by plaintiff, as she alleges, in consequence of a defect in a sidewalk in one of the streets of the defendant city. Verdict and judgment for plaintiff. Defendant appeals.

*J. C. Cooper*, *J. M. Junkin*, *T. M. Hysham* and *Smith McPherson*, for appellant.

*W. D. Strawn*, for appellee.

REED, J.—I. Plaintiff, when walking on the sidewalk in question, in the night-time, fell, and was injured to some extent by the fall. The evidence tended to prove that the fall was occasioned by defects in the walk. On the evening of the accident, but thereafter, and on the next and following days, she complained of pains in her left breast, and she and members of her family applied liniment to relieve the pain. Some months afterwards it was discovered that the breast was enlarged and hardened, and in the mean time it had continued to be painful. Competent surgeons pronounced the disease *sarcoma*, a form of cancer, and.

*1. PERSONAL injury: cause of: instruction without evidence.*

Trapnell v. City of Red Oak Junction.

upon their advice the breast was amputated. Experienced physicians, who were examined on the trial, gave it as their opinion that a blow or bruise might have been the exciting cause of the growth or enlargement of the breast, but that such result would have followed only in case the germ of the disease existed in the system before the injury. The district court directed the jury, in effect, that if they were satisfied by the evidence that the growth or disease of the breast was occasioned by the fall, and the other elements of the case were proven, they should consider the value of the physicians' services in the amputation and subsequent treatment, and the pain and suffering and permanent disability caused thereby, in estimating plaintiff's damages. It was contended that there was no evidence before the jury which warranted the submission of these questions to them. Plaintiff did not testify that she received a blow or bruise on the breast in her fall, and we have been unable to find in the record any evidence which would warrant the finding that she did sustain such injury. True, it was proven that she suffered pain in the breast after her fall. But it was not proven that she had not suffered such pain before that. There was evidence, also, which tended to prove that the enlargement of the breast began after that, although plaintiff, who is the one most likely to know when it began, did not testify to that fact. But these facts, standing alone, do not prove that the breast was bruised or injured at the time of the fall. The physicians testify that the disease which developed in the breast was hereditary, and there was no conflict in the evidence on that point. While an injury by external force might have caused it to develop, it may also have developed without such cause. Before plaintiff can recover on account of the expense and suffering caused by the disease and the amputation, she must establish that the relation of cause and effect existed between the fall and them. But when we look into the evidence we find that it merely establishes a condition which might have been caused by an injury to the breast at that

time; but whether such injury did occur is, under it, but a matter of surmise. The existence of a fact is not proven by evidence of a subsequent condition which is merely consistent with its existence. We think there was no evidence which tended to prove that the diseased condition of plaintiff's breast was caused by the fall. It was therefore erroneous to submit that question to the jury; and we deem it proper to say, in this connection, that we have not confined ourselves to an examination of the evidence, as set out in the abstract, but have gone to the transcript, which contains the identical language of the witnesses.

II. After her fall, and also at the time of, and after the amputation of her breast, plaintiff was assisted and cared for by members of her father's family, with whom she lived. But there was no evidence of the value of their services, or that any charge was made for them. The court instructed the jury that if plaintiff was entitled to recover, and the evidence showed that she had incurred expenses for her care by reason of the injury, they should allow her therefor. If this instruction was the only error shown by the record, we might not be disposed to disturb the judgment; for, while the instruction submits a question to the jury upon which there was no evidence, and is therefore erroneons, it might well be said that the question is so carefully guarded by the language of the court that no prejudice could have resulted from it. We deem it proper to say, however, that there is always some danger that a jury may be led to indulge in surmises or speculations upon a question thus submitted to them, and upon which they have no evidence, and that their verdict may in some measure be influenced by their surmises. The better practice in such cases is to exclude the question entirely from their consideration, either by general or special instructions.

2. ——: damages: nursing: instruction without evidence.

III. Exception was taken to the action of the court in permitting a witness, who at the time of the

3. CITIES and towns : defective walk : notice : evidence. accident was a member of the city council, to testify to certain complaints concerning the condition of the sidewalk which were made to the council. The action of the court in admitting the evidence is clearly right. The object was to show that the city had notice of the alleged defect, and the notice was to the officers of the city whose duty it was to make provision for keeping the streets in repair. The case in this respect is not like *Cook v. City of Anamosa*, 66 Iowa, 427, cited by counsel. For the errors pointed out the judgment will be ·

REVERSED.