T. A. MORGAN v. FREMONT COUNTY, Appellant.

**Defective County Bridge.** It is proper to charge that a county board should appoint one competent to inspect bridges, if its members lacked the requisite skill.

**NOTICE.** Evidence that a member of the board had notice of defects in a bridge, prior to a meeting held before an accident on such bridge, is admissible.

**INCOMPETENT TESTIMONY.** It calls for a conclusion to ask a member whether notice of defects in a bridge was brought to the board.

**Expert Testimony.** A bridge builder may testify in regard to the effect of decaying timber, the ordinary life of timbers used in the bridge involved, and the use of various parts of the bridge and the consequence of defects in them.

**Verdict** for one thousand dollars not excessive in a case of permanent injury, by laming, where plaintiff's jaw is injured, his hearing impaired, his teeth broken, and pain suffered by him.

**Practice.** Instruction may treat a matter as in issue where the parties so treat it, though the evidence upon it is very slight.

*Appeal from Mills District Court.*—N. W. MACY, Judge.

FRIDAY, DECEMBER 14, 1894.

ACTION at law to recover for personal injuries alleged to have been caused by a defective bridge. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*C. S. Keenan* and *R. C. Campbell* for appellant.

*W. E. Mitchell* for appellee.

ROBINSON, J.—In May, 1891, the plaintiff, with a companion, drove a team of three mules and one horse, attached to a wagon loaded with about thirty bushels of corn, onto a bridge in a public road within the corporate limits of the defendant. The bridge was nearly fifty feet in length, and its floor was fifteen feet or more

above the water in the stream below.   While the team and men and wagon were on the bridge, it fell, and the plaintiff went down with it, and received the injuries of which he complains.   He alleges that the plan of the bridge was defective; that bad timber and decayed lumber had been negligently used in its construction; that the piles at the west end of the bridge were not large enough to support the weight to which they were subjected; that they were not properly driven into the ground, and were decayed; that the caps upon the piling were decayed; and that the defendant was chargeable with knowledge of the condition of the caps and piling, and was negligent in failing and refusing to replace them, or to repair the bridge, and in failing to inspect it.

I.   It was shown that the bridge in question was a county bridge, and that it was the duty of the defendant to maintain it.   It was also shown that it fell under a weight placed upon it in a proper manner, of less than one fourth that which it should have carried safely; and the evidence tends to show that the fall was due to a decayed cap on the piling under the west end of the bridge, to a loosened bolt or rod, and possibly to a broken pile.   To show that the defendant had notice of the condition of the bridge before it fell, a witness for the plaintiff was permitted to relate a conversation he had with a member of the board of supervisors in regard to the bridge, in February, before the accident.   The appellant contends that knowledge imparted to the supervisor in that manner was not notice to the defendant.   Whether notice to a public officer is notice to the corporation of which he is an agent depends upon the nature and extent of his powers.   If the notice pertains to a matter concerning which it is his duty to act, then, as a general rule, notice to him is, in law, notice to the corporation.   Mechem, Ag., sections 729, 730.   It is a part of the business of the board of supervisors of a

county to provide county bridges, and to use reasonable care and diligence to maintain them in good condition for the public use; and it is a part of the duty of each member of the board to report his knowledge of defects in such bridges, that they may be repaired or replaced, and proper steps be taken to prevent accidents. This rule was recognized in *Ferguson v. Davis County*, 57 Iowa, 610, 10 N. W. Rep. 906; *Huff v. Poweshiek Co.*, 60 Iowa, 529, 15 N. W. Rep. 418. See, also, *Trapnell v. City of Red Oak Junction*, 76 Iowa, 747, 39 N. W. Rep. 884; *Cook v. City of Anamosa*, 66 Iowa, 429, 23 N. W. Rep. 907. In this case a regular meeting of the board of supervisors occurred between the time of the alleged notice to the supervisor and the time of the accident; and it would have been the duty of the supervisor to have communicated to the board at that meeting knowledge he then had of defects in the bridge. It is clear the evidence which tended to show his knowledge of the condition of the bridge before the accident, was competent and properly admitted.

II. A bridge builder was permitted to testify in regard to the effect which would result from the decaying of certain timbers, and as to the ordinary life of timbers like those used in the bridge. In admitting his testimony, there was no error. The witness was an expert, qualified to testify in regard to the uses of various parts of the bridge and the consequence of defects in them. It was competent to show the life of the timbers used, for the reason that it was the duty of the defendant to know how long the timber it used would probably last, and to replace it before its continued use should become dangerous to the public. *Ferguson v. Davis Co.*, and *Huff v. Poweshiek Co., supra; McConnell v. City of Osage*, 80 Iowa, 295, 45 N. W. Rep. 550. The testimony was admissible as tending to show notice to the defendant of the actual condition of the bridge. It was shown that the

bridge had been built not less than seven years at the time of the accident, and some witnesses testified that it was constructed in the year 1877 or 1878.   The witness testified that the ordinary life of the timber used was from seven to nine years.

III.   A member of the board of supervisors of the defendant was asked to state "whether or not any notice was brought to the board of a defect in the material or construction of this bridge prior to this accident."   An objection to the question was properly sustained.   The question called for an answer in the nature of a conclusion of law, and not for facts on which to base such conclusion.   Moreover, the witness could only have testified as to facts within his own knowledge, while an answer to the question involved a consideration of facts which may not have been within his personal knowledge.

IV.   The appellant complains of a portion of the charge which submitted to the jury the question whether the plan or construction of the bridge was faulty, and insists that the evidence did not warrant a question of that character.   The sixth paragraph of the charge refers at some length to the design of the bridge, and the care required in its construction, but was intended to present a theory favorable to the defendant, and can not have been prejudicial to it. The eighth paragraph authorized the jury to consider evidence that the bridge, "by reason of defective construction, or by age and exposure to the weather, had become decayed, rotten, or dangerous," in connection with the knowledge which the defendant had or should have possessed in regard to its condition.   It is true there was very little evidence in regard to the faulty construction, but it was alleged in the petition and denied in the answer, and was, therefore, in issue.   It appears that one of the piles at the west end of the bridge was small and broken.   The piles had been set

by boring, and not by driving. The plan of the bridge was in use by the county at about the time the bridge was built, and the defendant offered the testimony of one of its supervisors to show that he had no knowledge of any defect in the construction of the bridge. As the defendant treated the question as in issue, and controverted, it can not complain that the court did the same. It may be said, further, that we are satisfied no prejudice could have resulted from the portions of the charge in question.

V. The appellant also complains of the ninth paragraph of the charge, because it required the board of supervisors of the defendant, in case it did not possess the skill requisite to inspect, properly, the bridges of the county, to provide a competent person to do that work. The paragraph was authorized by the opinion in *Ferguson v. Davis Co.*, *supra*, and announces a correct rule of law. County supervisors are not, ordinarily, skilled bridge builders, and boards of supervisors have an undoubted right to employ experts to inspect bridges, as they also have to plan and construct them.

VI. The appellant contends that the verdict was not sustained by the evidence. The jury were authorized to find that the plaintiff received severe injuries in consequence of the fall of the bridge, some of which may be permanent; that he was lamed, and unable to walk as usual; that his jaw was injured, and some of his teeth broken; and that his hearing was impaired. His injuries also caused him much suffering. He was allowed by the jury the sum of one thousand dollars, and we can not say that it is excessive.

VII. Other questions of minor importance have been discussed by counsel, which we have examined, but without discovering any error. The judgment of the district court is AFFIRMED.