WALTER SCHLENSIG v. MONONA COUNTY, Appellant.

Counties: DEFECTIVE BRIDGES: INSPECTION AND REPAIR. Where a county, after notice of its unsafe condition, in undertaking to repair a bridge and put it in condition for public travel fails to use reasonable care in the work, it is negligent; and an inspection of the same after its repair by agents of the county who report it safe for ordinary travel, will not relieve the county from liability for the consequences of such negligence.

*Appeal from Plymouth District Court.*— HON. F. R. GAYNOR, Judge.

TUESDAY, FEBRUARY 14, 1905.

SUIT to recover damages for injuries occasioned by the collapse of a defective bridge. There was a trial to a jury, and a verdict and judgment for the plaintiff, from which the defendant appeals.— *Affirmed.*

*W. L. Smith,* for appellant.

*T. E. Brady* and *McDuffie & Keenan,* for appellee.

SHERWIN, C. J.— The bridge in question was built by the defendant in 1896. In 1900 it was injured and weakened by fire, but was soon thereafter repaired by the defendant, and left open for public use. The petition alleges negligence in the original construction of the bridge, and negligence in failing to properly repair the same. After the fire the board of supervisors was duly notified of the unsafe condition of the bridge, and in response thereto the member whose duty it was to look after the bridges in that part of the county visited it with the foreman of the county bridge crew, and they inspected it, and decided on the re-

pairs necessary to put it in safe condition for public use. Soon after this inspection the repairs decided on were made under the supervision of this foreman, and on the trial the appellant offered to prove that he and the supervisor who had inspected the bridge with him thought that the bridge, when repaired, was reasonably safe for ordinary travel. This testimony was rejected, and the appellant argues that the ruling was erroneous, under the holding in *Ferguson v. Davis County*, 57 Iowa, 601. That case does not, however, sustain the contention. There one of the questions was whether the county had been negligent in not inspecting the bridge after notice that it had become unsafe, although two years and a half before that time a competent bridgeman had advised the county that it would probably be safe for a longer period. The county complained of an instruction that told the jury that if the bridge had been inspected by a competent man, and had been reported safe, the county would not be negligent for a failure to again inspect it within that time, unless it had been notified that it was in a dangerous condition. The instruction was held not erroneous as applied to the facts of that case. It is manifest that, whether erroneous or not as an abstract proposition of law, the instruction was so favorable to the county that it could not complain thereof. Considering the instructions in the Davis Case as a whole, we do not think it true that a rule is there announced which relieves a county of liability, as a matter of law, where it has had an inspection made by a competent man. The most that can be claimed for the decision is that such inspection may prove that the county has in fact exercised reasonable care in the matter. But whatever the rule there stated, the case is not controlling here, on account of the marked difference in the facts. Here the county, through its agents, undertook to repair and put in safe condition for public use a bridge that was known to be unsafe; and if, in so doing, it failed to exercise the measure of care required by the law, it was negligent, and ought to respond therefor. *Huff v.*

*Poweshiek County,* 60 Iowa, 529; *Cooper v. Mills County,* 69 Iowa, 350; *Ferguson v. Davis County, supra.*

The questions of the defendant's negligence and of the plaintiff's· freedom from negligence were clearly for the jury, and its finding thereon cannot be disturbed.    There was also evidence tending to show that the county should have anticipated the use of this bridge for the passage of traction engines.    They had been in general use in the county for several years before the bridge in question was built, and had for some time prior thereto been used in its immediate vicinity, and there was nothing in its ·location or in the topography of the country around it making such use unusual · or unreasonable.    *Yordy v. Marshall County,* 80 Iowa, 405, and 86 Iowa, 340.

Several of the instructions are criticised because of particular language used therein, evidently through oversight.    That there was an unfortunate use of words in some, and an unfortunate lack of words in another, is quite apparent; but taken together, they gave the jury a correct statement of the law governing the case, and could not, we think, have been misleading in any respect.    Jurors of average intelligence would have no difficulty in understanding the meaning of the court, although it was not as clearly expressed as it might have been.    The instructions asked by the appellant were properly refused, for the reasons already given.

We find no error for which the case ·should be reversed, and the judgment is therefore *affirmed.*