NELLIE FLEMING, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Negligence:** PROXIMATE CAUSE: EVIDENCE. In this action for damages on the ground of injury to the health of plaintiff's intestate, who was afflicted with tuberculosis, the evidence is held insufficient to show that flooding of the premises as claimed aggravated the disease and caused decedent increased pain and suffering.

*Appeal from Cass District Court.*—HON. A. B. THORNELL, Judge.

MONDAY, DECEMBER 18, 1911.

ACTION for damages for negligence in obstructing a stream whereby certain premises were flooded with water, and whereby sickness resulted to plaintiff's assignor, culminating in her death a few months later. There was a verdict and judgment for the plaintiff. Defendant appeals.—*Reversed.*

*Carroll Wright, J. L. Parrish* and *J. B. Rockafellow,* for appellant.

*H. M. Boorman,* for appellee.

EVANS, J.—Bull Creek is a small stream running through a part of the city of Atlantic. It is crossed by the track of the defendant railway company. The creek is covered by a culvert constructed by the defendant in 1902. There was evidence tending to show that the opening in the culvert was not large enough to carry the stream in times of high water. In the fall of 1905 the plaintiff lived in a rented home near the bank of the stream, and within three hundred feet of the culvert. On the 17th of October, 1905, her premises were flooded as a result of very heavy rains. On the next day her daughter, who was living with her, had a severe cold and cough. She died on March 12th following. This action was commenced by the daughter during her lifetime. She later assigned her cause of action to her mother, who was duly substituted as plaintiff. The trial court held that there was no evidence to justify a finding that the flooding of the premises caused the disease from which plaintiff's assignor died. This disease was known as 'consumption' or 'tuberculosis.' The evidence is quite conclusive that the plaintiff's daughter was afflicted with this disease for some months, at least, prior to October 17th. In a sworn petition filed by the plaintiff herself in another case on September 26th, she averred that her daughter was "in

the last stages of consumption." The trial court, however, submitted to the jury the question whether the daughter's disease was aggravated through the negligence of the defendant, and whether she incurred additional pain and suffering by reason thereof.

The first question for our consideration is whether there is sufficient evidence in the record to sustain the jury's affirmative finding on this question. That is to say, whether there is any evidence to show that defendant's alleged negligence was the proximate cause of additional pain and suffering on the part of the plaintiff's daughter. The plaintiff's evidence was sufficient to show that the daughter was sicker subsequent to the date of the flood than she had been before. For the purpose of proving that this condition was caused by the flooding of the premises, the plaintiff introduced in evidence the testimony of her physician, as follows: "Q. Assuming, doctor, that on the 17th day of October of that year that the home of Miss Fleming was overflowed by water from Bull Creek, which was cold, the water was perhaps a foot deep upon the premises, filled the cellar with water, that she was then in the home, that the day before the flood she had no cold, what might have produced her cold from which you found her suffering on the 21st? (That is objected to because it is involved or assuming a state of facts not proven, and because it is incompetent and invading the province of the jury and speculative. Overruled. Defendant excepts.) A. It might have been caused by the flood. Q. I will ask you to state what might have been the probable effect of such overflowing of the premises and the filling of the cellar with cold water on the 17th day of October to Miss Fleming, assuming that she was living in the house at that time? (Objected to because it involves a state of facts not proven and invades the province of the jury, and is speculative. Overruled. Defendant excepts.) A. The effect might be to produce a cold." He testified, also, that the patient had a

cold and a cough on October 21st; that he treated her professionally until she died; that her condition at the time of her death was one of "progressing stage of tuberculosis," involving both lungs and bowels. Thereupon the following question was put to the witness: "Q. Knowing what you do about her case, or knowing what you do about her case, Doctor, what would you say might have been her condition October 21, 1905, might have been a month after that time, had her environment not been subject to the flooding of her home and premises? (Objected to as invading the province of the jury and speculative. Overruled. Defendant excepts.) A. It might have been similar to her condition before this flood."

The foregoing is the only evidence in the record in support of the proposition that the flooding of the premises was a proximate cause of the aggravation of the disease and of an increase of pain and suffering to the patient. The physician testified upon cross-examination: "Progressive tuberculosis is usually accompanied with a cough, and ordinarily it becomes worse as the disease progresses to the final termination, although that is not true in all cases. In some cases they suffer pain as the disease progresses, which might be connected with a cough. Tuberculosis is a germ disease." We think the evidence here considered was too uncertain and speculative to support a finding that the defendant's negligence caused increased suffering to the patient by the aggravation of the disease. Appellee cites authorities to the proposition that such evidence was admissible, but this does not quite reach the question. Granting that it was admissible, it does not follow that it was sufficient of itself as proof of proximate cause. Cases involving personal injury present a somewhat different question. In such cases the nature of the injury often affords proof of some independent cause. In the case under consideration, we can not say that there is any evidence sufficient to show that the patient's condition sub-

sequent to October 17th was not the result of the ordinary progress of her disease. We must hold, therefore, that the evidence is insufficient to support a finding that the defendant's negligence was a proximate cause of any increased pain and suffering or medical expense to the patient. A new trial ought to have been granted on this ground. See *Trapnell v. City of Red Oak,* 76 Iowa, 744.

The judgment below must therefore be *reversed.*