## J. H. BROOKS, Appellee, v. VAN BUREN COUNTY, Appellant.

**Special Interrogatories:** MANNER OF SUBMISSION : EXCEPTION : REVIEW.
1  The objection that a special interrogatory was submitted to the jury upon the same sheet of paper with others marked by the court refused, which was made only by motion for a new trial and in the assignment of errors, was not sufficiently supported by the record to require consideration on appeal; and the party preparing the interrogatories could not complain that the court did not copy the one submitted on a separate sheet, no exception being taken to the manner of its submission at the time.

**Same:** REFUSAL OF INTERROGATORIES.  Error can not be predicated upon
2  a refusal of the court to submit a special interrogatory, rendered immaterial by the instructions of the court and the answer to another interrogatory submitted; or in refusing to submit one calling for a fact which inheres in the general verdict.

**County bridges:** REPAIR: DUTY OF INSPECTION.  The duty of the county
3  in repairing defective bridges is not limited to the repair of defects to which its attention has been expressly called; but the proper officers are charged with the duty of reasonable inspection to discover and guard against dangerous defects the result of long continued use.

**Same.**  That a rotten stringer in a bridge was more or less concealed
4  by a thin outer shell which appeared sound will not justify the court in saying as a matter of law that a reasonable inspection would not have disclosed its condition.  In the instant case the question of whether the county officers had used reasonable diligence in inspecting the bridge in question was for the jury.

**Same.**  Where reasonable diligence in the inspection of a bridge would
5  have revealed its defective condition, the county is liable to the same extent for an injury resulting from its defects as if actual notice thereof had been given.

**Same:** EVIDENCE.  Under a petition charging that the county negli-
6  gently permitted a bridge to become rotten and unfit for public use, a failure to inspect and discover its condition within a reasonable time was legitimate matter of evidence, as hearing upon the negligence charged.

**Same:** CLAIMS FOR INJURIES : PRESENTATION.  Where the plaintiff failed

to serve notice of his injury caused by a defective bridge, and to avoid the bar of the statute and in compliance with the condition precedent presented his claim to the supervisors before bringing suit, requesting immediate action by the board, so that if refused he might institute proceedings within the time allowed by law, and the supervisors thereupon rejected his claim, the county could not thereafter object that the presentation of his claim was insufficient because proper time was not given for its examination and consideration.

**Same:** PERMANENT INJURY: INSTRUCTION.  Where the petition alleged permanent injury and there was evidence from which the jury might have found the claim to be established, an instruction permitting consideration of the question was proper.

*Appeal from Van Buren District Court.*—HON. F. W. EICHERLBERGER, Judge.

WEDNESDAY, MAY 8, 1912.

ACTION to recover damages for personal injury. Judgment for plaintiff, and defendant appeals. The material facts are stated in the opinion. *Affirmed.*

*W. B. Newbold* and *J. C. Calhoun,* for appellant.

*Walker & McBeth, for appellee.*

WEAVER, J.—The plaintiff was engaged in moving a traction engine and threshing machine over a county bridge on a public highway, when the bridge collapsed, precipitating plaintiff and his engine into the ravine below. In this fall, he received injuries of considerable severity, for which he demands recovery of damages, on the theory that the bridge was insufficient in its original construction, and that defendant had been negligent in permitting the timbers used therein to become old and decayed to an extent rendering it unsafe for public use. It is further alleged that the injury occurred on August 10, 1909; that on November

8th of the same year plaintiff presented his said claim for damages to the board of supervisors of the county, for allowance, which was refused, and this action was thereupon immediately instituted. The defendant, answering the petition, admits that the bridge was constructed and maintained by the county, and that plaintiff presented his claim for damages to the board of supervisors. It denies that the county had been in any manner negligent with respect to said bridge, denies that the timbers were insufficient, rotten, or unsafe, and avers that, if defective in any way, notice thereof had never been brought home to the county, or to its proper officers, and that plaintiff was himself chargeable with negligence contributing to his said injury. It is further answered that the claim of the plaintiff was not presented to the board of supervisors within the time required by law, and that right of action thereon is therefore barred. The issues were tried to a jury, which returned a verdict in favor of plaintiff for $750, upon which finding, after overruling defendant's motion for a new trial, judgment was duly entered.

I.   There was evidence tending to show that the bridge was originally constructed some twenty or more years prior to the accident, but had been, to a certain extent, re-

1. SPECIAL INTER-ROGATORIES: manner of submission: exception: review.

constructed in the year 1903; and it was the contention of the plaintiff that in this reconstruction much of the old materials had been employed, thereby impairing the strength and durability of the structure. With evident reference to this feature of the case, the defendant requested the court to submit to the jury three special interrogatories, as follows:

"(1) When the bridge was rebuilt in 1903, do you find that the timbers used were of sufficient size and strength for the ordinary and probable use of said bridge?

"(2) Do you find the defect in the bridge which caused the collapse to be a latent defect?

"(3) Do you find that the county had notice of this defect prior to the accident?"

Of these the court approved the first interrogatory, and refused the second and third, marking them accordingly. It is now assigned as error that these questions were all written on the same sheet of paper, and the court, instead of rewriting the one given, attached the original sheet, with the court's notations thereon to the instructions, in which form they were sent to the jury. This statement of fact is found only in the motion for a new trial and in counsel's brief and the assignments of error, and could well be overruled as being without proper support in the record. We may say, however, that, if appellant wished to avoid such an occurrence, it could have availed itself of the easy expedient of submitting its interrogatories on separate sheets. The court should not be expected to do the clerical work which belongs to counsel. At the very least, if either party had any exception to the manner in which the submission was made, it should have been taken at the time, and opportunity given to correct any oversight of this character.

Nor do we find any error, of which appellant may justly complain, in refusing the second interrogatory; for, had it been submitted and answered, either in the affirmative or negative, it could not have affected the result of this appeal. The court clearly instructed the jury upon the law of the case as applied to either theory; and, even assuming, as appellant claims, that the defect was latent, the record would still support the verdict. Again, the jury answered the first interrogatory in the negative, and this was in effect a finding that the defect was not latent, rendering the answer to the second unnecessary. The third inquiry was rightfully refused as calling for a fact which inheres in the general verdict, finding the county chargeable with negligence.

2. Same: refusal of interrogatories.

II. Counsel argued that the evidence shows, beyond

controversy, that the bridge was properly constructed, and that, according to the ordinary life of the timbers used,

3. COUNTY BRIDGES: repair: duty of inspection.

defendant was justified in relying upon its continued usefulness for a period of at least ten years from the date of rebuilding in 1903. It is true that evidence to this effect was offered; but the record justifies the suggestion that the testimony proves too much. The experts testifying for the defense say that the plan of the bridge was not defective, and that a bridge properly made of such timbers and of such pattern will carry a load of twelve tons or more; but it appears to have fallen under a load not to exceed half the amount. This would seem to be a pretty fair demonstration that the structure was in fact defectively constructed, or that it had become weakened by decay; and there is testimony tending to support either conclusion. But, says appellant, if there was any defect, it was the result of decay or other latent cause and there is nothing to charge defendant with notice of such condition, and no proof that any person ever gave the board of supervisors or its members any information of that nature. But we can not say, as a matter of law, that the county is not chargeable with notice, simply because no person ever called the attention of the board of supervisors to the condition of the bridge. The duty of the county is not limited to making repairs of defects to which its attention has been expressly called. It has an active duty in the premises. Timbers will decay; iron will rust; foundations will sometimes be undermined; bolts will become loosened; and in many other ways the damaging effects of time and inroads made by the elements will tend to weaken and destroy such structures; and the duty of reasonable inspection to discover and guard against such conditions is imposed upon the proper officers of the county which has undertaken to build and maintain them. *Huff & Buck v. Poweshiek County*, 60 Iowa, 529; *Perry v. Clark*, 120 Iowa, 100.

There was evidence that a "riser" of the truss or framework of the bridge gave way, and that on examination the lower end of this timber, which stood in an iron shoe,

4. SAME.

was found to be quite rotten, though, as some of the witnesses say, the decay was more or less concealed by a thin outer shell, which appeared sound. We can not say, as a matter of law, that reasonable inspection by the county would not have disclosed this weakness and remedied it before plaintiff's injury. *Rapho v. Moore,* 68 Pa. 404 (8 Am. Rep. 202).

, More or less of the material of the old bridge had been used in the work of its reconstruction, and, as we read the record, this "riser" was one of the old timbers thus utilized. Six years had intervened since that date, and, so far as shown by the record, the bridge had never been inspected by the officers of the county, except in the passing observation of a supervisor, who drove across it

5. SAME.

without getting out of his carriage, and noted that it seemed firm and strong. Under such circumstances, it was clearly a question for the jury whether reasonable diligence on the part of the supervisors in the performance of their duty would not have revealed its true condition. If so, then the county is liable to the same extent as if actual or express notice thereof had been given. Counsel say that, if the defect be "not observable in the exercise of ordinary care, then express notice to the county must be shown." Granted for the purposes of this case; yet the question still remains, "What is ordinary care under such circumstances?" It will not do to say, as matter of law, that the officer's duty is performed by merely looking at the surface of the structure. To quote from the authority above cited: "It is a matter of common knowledge that invisible defects may and, under such circumstances, probably do exist; that either wet or dry rot may have set in and not be visible, and therefore should be sought for. But no one of ordinary intelligence would think

of seeking for an inward and invisible defect by merely inspecting the surface of the wood. This being the case, it is clearly the duty of the supervisors, having thus reason to believe that defects may exist, to call to their assistance those whose skill will enable them to ascertain the true state of the structure and determine the question of its safety." *Rapho v. Moore, supra.* Whether the employment of an expert inspector, as suggested in this quotation, is in all cases a legal duty, we need not here decide. It is sufficient that under the facts as found in this record the question whether due diligence in inspection has been established is a question of fact for the jury. To this it is answered that negligence in the matter of inspection is

6. SAME: evidence.

not charged in the petition. True this specific statement is not there found; but it is charged that defendant negligently permitted the bridge to become rotten and unfit for public use. Failure to inspect and discover its condition within a reasonable time was therefore a legitimate matter of evidence as bearing upon the negligence charged.

III. Under the statute, plaintiff having failed to serve notice of his injury upon the county, his right to sue upon such account would have been barred, if his action

7. SAME: claims for injuries: presentation.

had not been begun within three months from the date of the accident. It was also a necessary prerequisite to a recovery that he should have presented his claim to the board of supervisors for allowance or rejection before bringing suit. He did present his claim on November 8, 1909, just before the expiration of the three months' limitation. In so doing he explained to the board that his time for bringing the suit was about to expire, and requested immediate action on his claim, in order that, if necessary, he might proceed at once to institute action, and saying that he preferred an immediate rejection thereof to a postponement, which might defeat his remedy at law. The claim was thereupon

disallowed. It is now contended that the presentation of the claim to the board of supervisors was insufficient, because time was not allowed to give it proper examination and consideration within the three months, and that plaintiff, having requested its disallowance, is estopped to take advantage thereof. We see no merit in either contention. It is not correct to say that plaintiff requested the rejection of his claim. What he asked was its prompt consideration by the board, and, at the suggestion of delay in that respect, said he preferred a disallowance then, which would save his right to test the matter in a court of law, rather than delay, which might defeat him altogether. This was not an unreasonable request. Moreover, the board did consider and reject the claim; and the county can not now be heard to say that such an allowance was ineffective to justify the bringing an action at law. Had the board refused to act and continued the matter for further investigation, a somewhat different question would be presented, the merits of which we need not now attempt to decide. On the record as made, the defense of the statute of limitations is unavailing.

IV. Error is assigned upon an instruction given by the court, permitting the jury to consider the question of the plaintiff's permanent injury. It is said this instruc-

8. Same: permanent injury: instruction.

tion has no foundation, either in the pleading or evidence. The petition specifically alleges permanent injury; and there is evidence from which the jury might have found the claim to be established. It is evident, however, from the amount of the verdict that no substantial allowance was made for damages of this character. Upon the question of due care on plaintiff's part, the evidence is clearly sufficient to take that issue to the jury.

V. The arguments of counsel have been chiefly directed to the points we have discussed in the preceding paragraphs of this opinion. Other exceptions have been

called to our attention; but, after a careful examination of the entire record, we find no reversible error. The case has been carefully and fairly tried. The damages allowed the plaintiff are by no means extravagant, and, so far as we can discover, no injustice has been done, necessitating a new trial.

The judgment of the district court is therefore *affirmed*.