## MUSKOGEE ELECTRIC TRACTION CO. v. FORE.

No. 10786—Opinion Filed March 2, 1920.

(Syllabus by the Court.)

**1. Damages — Unliquidated Demand—Petition.**

In an action for damages, where the demand is unliquidated and sounds wholly in damages on a single cause of action, it is unnecessary to specifically allege, in amount, the different items constituting the total of the damages claimed, it being sufficient to state the damages claimed for the alleged injury in the aggregate; but where the petition itemizes the damages, recovery is confined to the items alleged.

**2. Same—Personal Injuries—Items of Recovery—Evidence of Value.**

In an action for personal injury, where there is evidence that the plaintiff was assisted and cared for by his wife, but there is no evidence in the record of the value of her services or that she made any charge therefor, the plaintiff is not entitled to recover for such services.

**3. Appeal and Error—Harmless Error—Evidence.**

Error in the admission or excluison of evidence, where the same is admitted without objection and is not prejudicial to the party complaining, is not ground for reversal.

**4. Appeal and Error—Excessive Judgment —Damages—Remittitur.**

In an action for damages, where it clearly appears that the court rendered judgment for an excessive amount and the amount of the excess can be ascertained from the rec-

ord, the cause will not be reversed on account of such error, provided a remittitur for the excess is filed, and when filed the judgment may be affirmed for the correct amount.

Error from District Court, Muskogee County; Chas G. Watts, Judge.

Action by James L. Fore against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

B. B. Blakeney, J. H. Maxey, Christy Russell, and Hubert Ambrister, for plaintiff in error.

William Neff, L. E. Neff, Harry G. Davis, and Thos. E. Neary, for defendant in error.

RAINEY, J. This action was originally commenced in the city court of Muskogee, Muskogee county, Okla., by James L. Fore, as plaintiff, against the Muskogee Electric Traction Company, defendant, for personal injuries alleged to have been received by him on January 31, 1918. The petition alleges, and the evidence shows, that the plaintiff was a passenger on one of the defendant company's street cars known as the Monticello car, which ran into and collided with another of defendant company's cars known as a car barn car. By the force of the impact the plaintiff was thrown on the floor and against the seats of the Monticello car, injuring his head, back, and other portions of his body. Plaintiff obtained judgment in the city court of Muskogee, and upon a trial de novo in the district court of that county recovered judgment in the sum of $499, the amount prayed for by him in his petition. It is to reverse the judgment of the district court that this proceeding in error was commenced.

The first assignment of error is "that the verdict is excessive and that the same is not supported by the evidence and is for a larger amount than is authorized and warranted by the evidence and the law." Under this assignment it is pointed out that the plaintiff, in his petition, asked for damages for bodily pain and mental anguish in the sum of $454, and for the sum of $20 alleged to have been paid out by him for medicine, and $20 for nurse hire, making a total of $494, although the prayer of the petition was for $499. The jury returned a judgment for the full amount, which was $5 more than the itemized total. The rule in such cases is that where the demand is unliquidated and sounds wholly in damages on a single cause of action, it is unnecessary to specifically allege, in amount, the different items constituting the total of the damages claimed, it being sufficient to state the damages claimed for the alleged injury in the aggregate; but where the petition itemizes the damages, as in this case, recovery is confined to the items alleged. 17 C. J. 999. (See also, cases in Note 53.) The judgment was, therefore, $5 more than should have been allowed under the allegations in the petition.

Complaint is also made that under the evidence the jury should not have allowed plaintiff anything for a nurse, since the evidence shows that the defendant's wife took care of him, but does not show the value of such services or that plaintiff either paid or agreed to pay her anything for her services in this capacity. The record sustains this contention, and under the law the plaintiff was not entitled to recover on this item. Chas. T. Derr Const. Co. v. Gelruth, 29 Okla. 588, 120 Pac. 253; Trapnell v. City of Red Oak Junction (Iowa) 39 N. W. 884. The evidence also shows that the plaintiff paid out only $15 for medicine, which is $5 less than the amount claimed in the petition. Since the plaintiff only asks for $454, in addition to these items, and the jury having found for the full amount sued for, it must have allowed plaintiff $40 for these two items, while the proof shows that he should have been allowed only $15, making an excess of $25 in the verdict in addition to the $5 before mentioned.

It is also asserted by counsel for defendant that the court erred in allowing plaintiff to recover the full amount of his alleged injuries, to wit, $454, on the ground that there is not sufficient evidence to support the judgment. This contention, we think, is wholly without merit. The evidence shows that the effect of the collision of the two cars was to throw the plaintiff down, inflicting injuries on his head and side; that he had a big knot on his head and was confined to his home for two or three months; that at the time of the trial, which was about a year after the accident, his head still showed the effects made by an iron frame under the seat of the car, and that plaintiff still suffered considerably. The plaintiff testified that before the accident he had been healthy and weighed 170 pounds, and that since the accident his weight had fallen off to 145 pounds. Plaintiff further testified that as a result of the injuries his stomach was not in good condition and that his rectum was paralyzed. This evidence, if competent, clearly shows that the verdict was not excessive, but was amply supported by the evidence; in fact, it was sufficient to support a judgment for a much larger

amount, which the jury doubtless would have awarded him had it been permitted so to do under the pleadings and instructions of the court. However, it is strenuously insisted that the jury was not authorized to attribute the plaintiff's condition to the injury, and counsel cite in support of this contention the general rule stated in 17 C. J. 756, which is as follows:

"The mere fact that a certain diseased condition might consistently arise from the injury is insufficient to show that it was caused thereby."

And they say that, inasmuch as plaintiff was not a physician, he was not qualified to say whether his paralyzed and diseased condition was the result of his alleged injury, and that the court should have instructed the jury not to consider such evidence in rendering its verdict. A sufficient answer to this contention is that this testimony was not objected or excepted to by the defendant, and it will not be permitted to raise the question of its competency for the first time in this court. Defendant did not request the court to instruct the jury not to consider this evidence in determining the amount of the damages. If the evidence had been properly objected and excepted to, and if it be assumed for the purposes of this case that it was erroneously admitted, the defendant still would not be entitled to a reversal, for, under section 6005, Rev. Laws 1910, this court is not authorized to reverse a judgment on account of the erroneous admission of evidence unless, after an examination of the entire record, the court is of the opinion that such error has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. After a careful consideration of the entire record in this case, we are of the opinion that the pleadings and evidence are sufficient to support a judgment for the plaintiff in the sum of $469. It being clear from the record in the case that the jury has allowed $20 for medicine, when it should have only allowed $15, and has allowed $20 for nurse hire, when it should have allowed nothing, and the judgment is $5 in excess of the total itemized damages, and the court being able to separate the legal from the illegal allowances, if the plaintiff will file with the clerk of the trial court a remittitur of the amount the judgment exceeds $469, and present evidence of that fact in this court, the judgment appealed from will be affirmed. Gilkerson et al. v. Callahan, 62 Oklahoma, 161 Pac. 789.

OWEN. C. J., and KANE. PITCHFORD, JOHNSON. McNEILL, HIGGINS, and BAILEY, JJ., concur.