**DAN DUGAN TRANSPORT COMPANY and Ardell Edward Meints, Appellants,**

v.

**WORTH COUNTY et al., Appellees.**

**No. 2–57361.**

Supreme Court of Iowa.

June 30, 1976.

Thomas E. Leahy, Jr., of Grefe & Sidney, Des Moines, for appellants.

Ensign & Ensign, Northwood, for appellees.

Heard by MOORE, C. J., and MASON, RAWLINGS, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

This appeal presents a single issue: whether a plaintiff who has a tort claim against a county must comply with § 331.-21, The Code (general statute for filing of unliquidated claims against the county) in addition to § 613A.5, The Code (60-day notice of tort claim).

September 29, 1972, plaintiff Ardell Meints was driving a truck owned by plaintiff transport company on highway S–28 in Worth County. He was detoured from this highway to by-pass county construction work. While Meints was crossing an unmarked bridge on the Worth County detour road the bridge collapsed, resulting in injuries to him and damages to the truck.

Plaintiffs complied with the notice of claim requirements of § 613A.5 and on April 19, 1974, filed suit against Worth County, Worth County Board of Supervisors, and the State of Iowa.

Worth County filed a motion to dismiss on the ground plaintiffs had "failed to file a proper claim * * * as required by law." Trial court sustained this motion, ruling compliance with § 331.21 was a condition precedent to suit against the county which plaintiffs were required to plead. We granted plaintiffs' application to appeal in advance of final judgment.

With minor changes, § 331.21, The Code, 1971, has been part of Iowa's law since Acts 1862 [9 G.A.] Ch. 93:

"*331.21 Unliquidated claims.* All unliquidated claims against counties and all claims for fees or compensation in excess of twenty-five dollars, except salaries fixed by statute, shall, before being audited or paid, be so itemized as to clearly show the basis of any such claim and whether for property sold or furnished the county, or for services rendered it, or upon some other account, and shall be duly verified by the affidavit of the claimant, filed with the county auditor for presentation to the board of supervisors; and *no action shall be brought against any county upon any such claim until the same has been so filed and payment thereof refused or neglected.* * * *." (Emphasis supplied.)

In the 1971 Code § 613A.5 contained this language:

"*613A.5 Limitation of actions.* Every person who claims damages from any municipality for on or account of any wrongful death, loss or injury within the scope of section 613A.2 shall commence an action therefor within three months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information regarding the nature and extent of the

injuries and damages within fifteen days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by his injury from giving such notice."

I. Trial court with considerable justification apparently relied on our old cases which held compliance with § 331.21 was a condition precedent to tort suit against a county. See, e. g., *Brooks v. Van Buren County,* 155 Iowa 282, 288, 135 N.W. 1110, 1113 (1912); *Little v. Pottawattamie County,* 127 Iowa 376, 379, 101 N.W. 752, 753 (1904). Of course, those cases must be viewed historically against the obvious public policy, current at that time, to extinguish county liability for tort in the only narrow area it had been permitted to operate: with respect to construction, maintenance and repair of county bridges. See *Snethen v. Harrison County,* 172 Iowa 81, 152 N.W. 12 (1915). Subsequently, the court eliminated the remedy of such tort victims in *Post v. Davis County,* 196 Iowa 183, 191 N.W. 129 (1922). See *Symmonds v. Chicago, Milwaukee, St. Paul and Pacific Railroad Company,* 242 N.W.2d 262 (Iowa 1976).

After 1922, § 331.21 had no further function in processing tort claims. Governmental immunity for the State and its "involuntary political or civil divisions," *Snethen,* supra, 172 Iowa at 85, 152 N.W. at 13, was enforced for 43 years. See *Boyer v. Iowa High School Athletic Association,* 256 Iowa 337, 127 N.W.2d 606 (1964).

In 1965 the 61st General Assembly enacted what is now Chapter 25A, The Code, "State Tort Claims Act." We soon confirmed that "political subdivisions such as cities, school districts and counties are neither agencies of the state nor corporations as those terms are employed and defined in the Act, and are not included within its clear intent and purpose." *Graham v.*

*Worthington,* 259 Iowa 845, 854, 146 N.W.2d 626, 633 (1966).

Two years later the 62nd General Assembly enacted what is now Chapter 613A, The Code, "Tort Liability of Governmental Subdivisions." Acts 1967 [62 G.A.] Ch. 405. We said this legislation created "a new liability and provides for methods of enforcing the same, and by its terms fixes the time within which action for recovery may be commenced." *Sprung v. Rasmussen,* 180 N.W.2d 430, 433 (Iowa 1970). Even a casual review of Chapter 613A, The Code, confirms the legislature intended to treat all substantive and procedural aspects of the subject matter, including imposition of liability, exemptions, limitations, notice, insurance, compromise, settlement, and payment.

■ II. It is true, as defendant county argues, § 331.21 was not directly repealed, nor was it amended to exclude tort claims. Nonetheless, we hold enactment of Chapter 613A repealed § 331.21 by implication insofar as its application to tort claims is concerned.

■ The ordinary presumption against implied repeal, 1A Sutherland, Statutory Construction § 23.10 (Sands 4th ed. 1972), is weakened "where the question is whether the later enactment has by implication repealed some obscure and generally forgotten statute." *W. L. Mead, Inc. v. International Brotherhood, Etc.,* 217 F.2d 6, 9 (1 Cir. 1954). Section 331.21, as it relates to tort claims, plainly falls into the category of a "forgotten" statute after 43 years of disuse. The non-repeal presumption is, in the final analysis, "simply an aid [to] ascertaining legislative intent and is never invoked to defeat it." *State v. Hotel Bar Foods,* 18 N.J. 115, 129, 112 A.2d 726, 734 (1955). We do not employ technical rules formulated to determine unarticulated legislative intent when that intent is otherwise readily apparent.

In ascertaining legislative intent we recall the object of Chapter 613A is to provide a remedy for those injured by torts of governmental subdivisions and construe these statutes accordingly. See *Rodman v. State*

*Farm Mutual Automobile Ins. Co.,* 208 N.W.2d 903, 909 (Iowa 1973). To hold the ordinary claimant must, in addition to fulfilling the conditions of § 613A.5, file a duplicate § 331.21 notice in another county office across the hall would thwart the purpose of Chapter 613A by "further [closing] the trap on unwary claimants." *Vermeer v. Sneller,* 190 N.W.2d 389, 395 (Iowa 1971).

At the turn of the century this court said § 331.21 applied to tort claims "to give the board of supervisors an opportunity for investigation and for determining whether the claim shall be paid or litigated." *Escher v. Carroll County,* 146 Iowa 738, 742, 125 N.W. 810, 812 (1910). In 1973 we attributed the same purpose to § 613A.5: " * * * to provide a method for prompt communication of time, place and circumstances of injury so the municipality can investigate while facts are fresh." *Lunday v. Vogelmann,* 213 N.W.2d 904, 907 (Iowa 1973). Additionally, § 613A.9 authorizes a municipality's governing body to "compromise, adjust and settle" tort claims, and "appropriate money for the payment of amounts agreed upon."

It is clear there would be a complete duplication in purpose for the two statutes, § 331.21 and § 613A.5, if both were applied to tort claims.

■ Where, as here, subsequent legislation which comprehensively and specifically treats a matter included in a prior general statute results in an ambiguity or redundancy, the prior legislation is deemed repealed by implication. See *Goergen v. State Tax Commission,* 165 N.W.2d 782, 787 (Iowa 1969); *Workman v. District Court, Delaware County,* 222 Iowa 364, 368–369, 269 N.W. 27, 29 (1936); Sutherland, supra, § 23.13, pp. 238–240. In this instance we perceive our holding that § 331.21 is inapplicable to unliquidated tort claims implements the legislative intent in Chapter 613A. Those early cases antedating *Post v. Davis County,* supra, imposing the § 331.21 notice requirement in tort claims against counties, are overruled to the extent they are inconsistent with this opinion.

We reverse and remand for further proceedings consistent herewith.

REVERSED AND REMANDED.