ELWOOD LINDLEY, Appellant, v. POLK COUNTY, Appellee.

Counties: LIABILITY FOR ACTS OF SUPERVISORS: UNHEALTHY JAIL: INJURY TO PRISONERS. A county is not liable for injuries sustained to the health of a prisoner while confined in the county jail by reason of its unfit condition as a place for the confinement of prisoners.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

MONDAY, JANUARY 25, 1892.

THIS is an action at law to recover damages by reason of alleged wrongs done to the plaintiff in keeping him in an unhealthy, filthy, and unventilated and improp-

erly constructed jail in said county.    There was a
demurrer to the petition, which was sustained, and
plaintiff appeals.—*Affirmed.*

*Cole, McVey & Clark,* for appellant.

A county is liable for a tort, and can be made to
answer in damages for a tort when the injury complained
of is a personal injury.    *May v. County of Mercer,* 30
Fed. Rep. 240; Code, sec. 279; *Wilson v. Jefferson Co.,*
13 Iowa, 181; *Brown v. Jefferson Co.,* 16 Iowa, 339;
*McCullom v. Blackhawk Co.,* 21 Iowa, 409; *Bell v.
Foutch,* 21 Iowa, 144; *Soper v. Henry Co.,* 26 Iowa,
265; *May v. Logan Co.,* 30 Fed. Rep. 250; *Board of
Commissioners v. Mighels,* 7 Ohio St., 110; *Brown Co.
v. Butts,* 2 Ohio, 348; *Salt Lake City v. Hollister,* 118
U. S. 256; *Philadelphia Ry. Co. v. Quigler,* 21
How. 202; *Reed v. Home Savings Bank,* 130 Mass.,
443; Code, sec. 3331; *Ewell v. Greenwood,* 26 Iowa,
377.    When the law imposes a duty or obligation, it
always gives a remedy.    2 Chit. Bl. 21 (23); Angell &
Ames on Corporations, 214 (c. 8).    *Rush v. Davenport,*
6 Iowa, 455; *Wilson v. Jefferson Co.,* 13 Iowa, 185;
*Brown v. Jefferson Co.,* 16 Iowa, 344.    It is the duty
of a municipal corporation to levy a tax for the pay-
ment of a judgment obtained against it.    Code, sec.
3049; *Iowa R. R. Land Co. v. County of Sac.,* 39 Iowa,
124; *Long v. Boone Co.,* 32 Iowa, 181.

*N. E. Coffin,* for appellee.

A county is not liable to a person confined in the
county jail who suffers injury because of the negligence
in constructing the jail or keeping it in repair.    *Green
v. Harrison Co.,* 61 Iowa, 311; *Kincaid v. Hardin Co.,*
53 Iowa, 430; 1 Shearman & Redfield on Negligence,
sec. 257, page 446; *Mote v. Mills Co.,* 61 Iowa,
754; *May v. Juneau Co.,* 30 Fed. Rep. 241; *Jacobs v.*

*Hamilton Co.*, 1 Bond, 500; *Board of Commissioners v. Mighels*, 7 Ohio St. 110.

ROTHROCK, J. — The plaintiff in his petition denounces the said jail at great length. It appears therefrom that he was indicted for forgery, and was confined in said jail upon said charge from March 12, 1886, to July second of the same year, when the indictment was dismissed by the prosecuting attorney. It appears from the averments of the petition that the jail is in the basement of the county courthouse, and that it is an unfit place to confine prisoners, and that by reason of the unhealthy condition thereof during the plaintiff's confinement therein he suffered greatly in his health, and that he was permanently injured thereby. He demands a judgment against the county for twenty-five thousand dollars.

The demurrer is to the effect that the county, in erecting and maintaining a jail, acts by and through its board of supervisors, and the county is not liable for the failure of the board to provide a suitable jail. There is no real distinction between this case and the case of *Kincaid v. Hardin Co*, 53 Iowa, 430. In that case the plaintiff fell down a narrow, insufficient and unguarded stairway in a county courthouse in the night. The stairway was not lighted. It was held that the county was not liable. The reasons for that holding are stated quite fully in the cited case, and it is unnecessary to repeat them here. This case appears, from the argument of the appellant's counsel, to be founded upon a distinction which is named in the cited case between the relation of a county to a courthouse and that existing between the county and a county bridge. That decision was not based entirely upon the distinction named. That case was determined more than eleven years ago, and was followed in the case of *Green v. Harrison Co*, 61 Iowa, 311. As was said in the case first above cited: "The line of decisions in this

state as to the liability [of a county] for defective bridges stands almost, if not quite, alone  *  *  *  We have no disposition to carry the doctrine further than is necessary to sustain the decisions of the court, which have stood so long that it may be truthfully said they have the implied sanction . of the law-making power and the people of the state." We are still of the opinion that there is no consideration of right or public policy which would authorize this court to open the way to all manner of actions against counties based upon the negligence of its officers.   AFFIRMED.