OF THE

· STATE OF IOWA

AT

DES MOINES, JANUARY TERM, A. D. 1904,

AND IN THE FIFTY-EIGHTH YEAR OF THE STATE.

---

AUGUST ULBRECHT, Appellant, v. THE CITY OF KEOKUK, Appellee.

**Damages:** PLEADINGS: LIMITATION OF ACTIONS. In an action for
1 damages against a special charter city, where the petition was not
filed within ninety days from the date of the claimed injury,
although notice thereof was served in time, the filing of an amend-
ment alleging that the injury was not complete until after com-
mencement of suit and service of notice will not take the case
out of the bar of the statute; and failure to serve notice of items
of damage claimed in the amendment will defeat recovery therefor.
See Code, section 1051.

**Constitutional Law:** SPECIAL CHARTERS: LIMITATION OF ACTION. Spe-
2 cial charters granted to cities prior to the adoption of the present

constitution were not repealed by the provisions of the constitution, and Code, section 1051, providing for limitation of actions against special charter cities is not void because violative of the constitution respecting uniformity of operation.

*Appeal from Superior Court of Keokuk.*— HON. FELIX T. HUGHES, Judge.

SATURDAY, JANUARY 16, 1904.

ACTION at law in which plaintiff seeks to recover the value of certain trees growing in the street parking in front of and at the side of his homestead property in the city of· Keokuk, and which were cut down by order of said city; also to recover damages to his said property caused by the cutting of such trees, and by cutting down the street surface in front thereof below the level of the established grade. A demurrer to the petition was sustained. Plaintiff refused to plead over, and there was judgment against him for costs. From such judgment he appeals.—*Affirmed.*

*J. F. Smith,* for appellant.

*Hazen I. Sawyer,* for appellee.

BISHOP, J.— In his petition as originally filed on September 16, 1901, plaintiff claimed damages in the value of the trees cut down, and damages to his lot occasioned by the cutting down of such trees. In said pleading, plaintiff alleged that a verified notice of his claim for damages was served on the defendant city on June 15, 1901, and a copy of such notice is attached. In its material parts necessary to be considered, the notice is to the effect that the cutting of the trees took place on or about May 28, 1901; that defendant also cut down the earth alongside of plaintiff's property, destroying the sidewalk and changing the grade of the street; that the value of the trees was $750, and the damage to the lot was $50. On November

21, 1901, plaintiff filed what is denominated a supplemental petition, in which he says that by reason of the cutting of the street down below the established grade his lot is left in a condition to be gullied, and for this he asks additional damages in the sum of $100. And on January 30, 1902, plaintiff filed an amendment to his petition, which is not altogether understandable. Therein he says that the work by the city was commenced about May 28, 1901, and continued with intermissions until June 15, 1901; that "the damages set out in his petition was done as one, job, but was left at different times, and same was not finished until the work was done, after the filing of the petition in this action; that plaintiff, cannot give the days on which the different parts of the work was done." Therein he also alleges that the injury set out in his "amended petition" was done "after the petition in this case was filed, and before the filing of said supplementary petition, and was a continuation of the work originally done before suit."

It is conceded that the defendant is a special-charter city, and the demurrer is grounded upon the statute of limitations having relation to such cities. Section 1051 of the Code (being part of the chapter on special-charter cities) provides, in substance, that all actions founded upon personal injury or damage to property arising out of negligence or failure of duty on the part of the city or its officers must be brought within three months from the time of the injury or damage, and not then "unless a written verified statement of the amount, nature and cause of such injury or damage, and the time when and the place where such injury occurred, and the particular defect or negligence of the city or its officers which it is claimed caused or contributed to the injury or damage, shall be presented to the council or filed with the clerk within thirty days after said alleged injury or damage was sustained." Accepting the statute as a basis for decision, we think it clear that the

1. DAMAGES: pleadings; limitation of actions.

demurrer was properly sustained. According to the verified notice given to the city, and which is made a part of the petition, the trees were cut down and the grade of the street changed on or about May 28, 1901. This action was not commenced within three months thereof. If by the amendment to his petition plaintiff intends to allege that the work which resulted in a portion of the damage of which he complains was done after the time of the service of the notice on the city, still his position is not strengthened, not having served any notice making special reference thereto. His right to maintain action therefor, if considered independent items of damage, must be denied. If considered as continuing damages, or if pleaded in aggravation, then his right to recover must be referable to the notice served June 15, 1901, and his action, not having been brought within three months after such notice, must fail.

Counsel for appellant present an argument addressed to the question of the constitutionality of the limitation statute (section 1051) referred to. It is true that under 2. CONSTITUTION- AL LAW: special charters; limitation of actions. the present Constitution special charters to cities and towns cannot be granted. But all special-charter cities were in existence as such when the present Constitution took effect, and it was not intended by the provisions thereof to work a repeal of charters theretofore granted and in existence. *Warren v. Henly,* 31 Iowa, 31. Now the statute has application to all cities acting under special charter. Such constitute a class by themselves, and the statute has uniform operation, as affecting alike each and every city falling within the class designation. That legislation of this character does not violate the provisions of the Constitution respecting the uniformity of the operation of laws is too well settled to admit of further debate. Among other cases which might be cited, see *Haskel v. Burlington,* 30 Iowa, 232.

We find no error, and the judgment is AFFIRMED.