EDITH WITTMER, appellant, v. C. F. LETTS, chairman of Board of Trustees of Washington County, Iowa, County Hospital et al., appellees.

No. 49017.

(Reported in 80 N.W.2d 561)

January 15, 1957.

Rehearing Denied March 8, 1957.

Ries & Osmundson and D. C. Nolan, both of Iowa City, for appellant.

Edmund D. Morrison, Jr., and G. Gifford Morrison, both of Washington, for appellees.

650

HAYS, J.—Is a county liable in damages to one who, as a pay patient in a County Hospital, sustains injuries due to the negligence of the hospital employees?

Plaintiff's petition alleges the establishment, operation and maintenance of a hospital by Washington County; that plaintiff was a pay patient therein and sustained injuries by a fall due to excessive wax upon the floor of the hospital. Defendants to the action are the individual hospital trustees, the superintendent thereof, the Washington County Hospital, and Washington County. All defendants, jointly and severally, move to dismiss alleging the petition fails to state a cause of action for numerous reasons therein set forth. The motion was sustained as to each defendant upon all the grounds alleged. Plaintiff allowed judgment of dismissal to be entered and appeals. Underlying all the reasons urged in the motion is the basic contention of governmental immunity.

The record does not state when, or under what chapter of the Code (chapter 347 or 347A, Code of 1950), the hospital was established. However, appellant in her brief and argument states that the hospital was established under the provisions of chapter 347, and we assume such to be the case in the absence of any denial thereof. As a matter of fact we deem this question to be immaterial upon the issue before us.

The question of immunity from tort liability by cities and incorporated towns, as well as by counties and school districts, has been before this court upon numerous occasions and involving many factual situations. This, however, appears to be a first where the functioning of a County Hospital is involved.

Under the ancient common law the Sovereign, generally speaking, could not be sued and this policy has come down to us and is now found in our statutes. Rule 9, R. C. P., and section 613.8, Code of 1950. Thus the State is immune from suit rather than from liability.

Counties are creatures of legislative enactment. They are bodies corporate for civil and political purposes and may sue and be sued. Sections 332.1 and 331.21, Code of 1950. It appears that they may be sued for a tort, Board of Commrs. of Wapello County v. Sinnaman, 1 (G. Greene) Iowa 413; Little

v. Pottawattamie County, 127 Iowa 376, 101 N.W. 752. Thus, unlike the State, immunity, if any, is from liability; an immunity that is court made, not legislative.

The basic principle upon which this immunity appears to rest is well stated in Snethen v. Harrison County, 172 Iowa 81, 85, 152 N.W. 12, 13, as follows: "Counties, unlike cities and incorporated towns, are not, as a rule, held liable for torts committed by them, so long as they are acting within the scope of their governmental powers. They are quasi-municipal corporations engaged in the performance of governmental functions, and are not responsible for the neglect of duties enjoined upon them, in the absence of statute giving a right of action."

This statement, in substance, first appears in Soper v. Henry County, 26 Iowa 264, 267, and seems to be based upon the statement that "Counties are *involuntary* political or civil divisions of the State, * * *." See also Wilson & Gustin v. Jefferson County, 13 Iowa 181; Kincaid v. Hardin County, 53 Iowa 430, 5 N.W. 589, 36 Am. Rep. 236; Lindley v. Polk County, 84 Iowa 308, 50 N.W. 975; Wood v. Boone County, 153 Iowa 92, 133 N.W. 377, 39 L. R. A., N. S., 168, Ann. Cas. 1913D 1070; Post v. Davis County, 196 Iowa 183, 191 N.W. 129, 194 N.W. 245; Shirkey v. Keokuk County, 225 Iowa 1159, 275 N.W. 706, 281 N.W. 837; Perkins v. Palo Alto County, 245 Iowa 310, 60 N.W.2d 562.

In Shirkey v. Keokuk County, supra, page 1171 of 225 Iowa, page 712 of 275 N.W., and cited with approval in Bruggeman v. Independent School District, 227 Iowa 661, 665, 289 N. W. 5, 8, it is said: "The absolution from liability of a county * * * does not rest upon this ground [governmental function]; it rests upon the ground that the county * * * is simply a quasi corporation and not clothed with full corporate powers, and it cannot be sued in cases of this character without regard to the question whether or not they are in the exercise of a governmental power or duty."

The Shirkey case concerns alleged negligence in the handling of a road grader upon the public highway, which work the opinion holds is a governmental function. The Bruggeman case involves a question relative to the transporting of children

652

to school, which is recognized as a governmental function. Perkins v. Palo Alto County, supra, states the rule to be, page 317 of 245 Iowa, page 565 of 60 N.W.2d, " "* * * neither the County nor individual members of the Board [of Supervisors] is liable for negligence or for nonfeasance *in the exercise of a governmental function.*'" (Italics ours.) This we think is a correct statement of the law, as it has been construed by this court, notwithstanding the statement in the Shirkey case, above quoted. We are not inclined to extend that rule.

Thus the question is whether or not the operation of a hospital by a county constitutes a governmental or proprietary function; if the former, there is immunity; if the latter, there is none.

The difference between a governmental and a proprietary function is well stated in Dillon, Municipal Corporations, Fifth Ed., section 109, as follows: "In its governmental or public character, the corporation is made, by the State, one of its instruments, or the local depository of certain limited and prescribed political powers, to be exercised for the public good on behalf of the State rather than for itself. * * * But in its proprietary or private character, the theory is that the powers are supposed not to be conferred, primarily or chiefly, from considerations connected with the government of the State at large, but for the private advantage of the compact community which is incorporated as a distinct legal personality or corporate individual; and as to such powers and to property acquired thereunder, and contracts made with reference thereto, the corporation is to be regarded quoad hoc as a private corporation, or at least not public in the sense that the power of the legislature over it or the rights represented by it, is omnipotent."

Under chapter 347, Code of 1950 (likewise as to chapter 347A), there is no legislative mandate that a county shall provide facilities for the sick or infirm, nor do we find any statute that requires the county to provide care for persons, not indigent. Whether or not there shall be a county hospital rests entirely with the residents of the county and any assumption of such power is purely a voluntary assumption. Under said chapters, the powers thus assumed are clearly intended, at least primarily,

for the private advantage and benefit of the locality and its inhabitants. There is specific authority to fix and collect reasonable fees for the use of the facilities and thus directly compete with private institutions furnishing like facilities.

While the authorities are not in agreement upon the question, the majority appear to hold such a function is governmental and grants immunity. Annotations 101 A. L. R. 1166; 25 A. L. R. 2d, 203 and authorities therein cited. With this court the question is a new one and we feel free to adopt that view which we think sound reasoning best supports. We believe that the tendency, based upon sound reasoning, is to deny immunity where injury results from negligence of officials or agents exercising powers purely ministerial in reference to matters which cannot be said to pertain to duties purely public; to matters which, though in a restricted sense are public, yet more directly affect the welfare and pecuniary interests of the inhabitants of the quasi corporation, upon whose will rests the determination whether the given act shall be performed, and upon whom rests solely the expense of the work put in operation by themselves, through which, at least indirectly, they receive benefits in which the general public, if at all, but slightly participated. We think the operation of a hospital by a county under the authority granted by chapter 347 or 347A is a proprietary function, at least so far as a pay patient is concerned, and should be considered in the same light as is a private hospital. See Wickey v. Muscatine County, 242 Iowa 272, 46 N.W.2d 32; Henderson v. Twin Falls County, 56 Idaho 124, 50 P.2d 597, 101 A. L. R. 1151; Carlson v. Marinette County, 264 Wis. 423, 59 N.W.2d 486.

█ The law in this state is well settled that private hospitals, charitable or otherwise, are liable in tort for injuries to pay patients injured through the negligence of their employees. Haynes v. Presbyterian Hospital Assn., 241 Iowa 1269, 45 N.W.2d 151; Frost v. Des Moines Still College, 248 Iowa 294, 79 N.W.2d 306. The reasons therein set forth apply equally to the instant case.

█ The motion to dismiss as to all defendants, other than the county, rests upon the contention that they, being merely agents of the county and performing a governmental function,

654

are entitled to the same immunity as is the county. There being no immunity in the county it must necessarily follow that there is no immunity as to them.—Reversed and remanded.

BLISS, C. J., and OLIVER, WENNERSTRUM, GARFIELD, SMITH, THOMPSON, LARSON, and PETERSON, JJ., concur.