R. L. GENKINGER, administrator of estate of Susan Joyce Genkinger, deceased, appellant, v. JEFFERSON COUNTY et al., appellees.

Nos. 49586
49587.

(Reported in 93 N.W.2d 130)

Louis J. Kehoe, of Washington, and A. C. Cahill, of Iowa City, for appellant.

Simmons, Simmons & Simpson and Robert D. Parkin, all of Fairfield, for appellees.

HAYS, J.—In this action plaintiff, administrator of the estate of Susan Joyce Genkinger, deceased, seeks damages on account of the death of decedent, due to alleged negligence of the defendants. Consolidated therewith for purpose of this appeal is our case No. 2-49586, being Dixie Crawford v. Jefferson County, Iowa, et al., which involves the same legal questions. Both are here on appeal from judgments sustaining motions to dismiss the petitions.

Defendants to the action are Jefferson County, Iowa, the members of the Board of Supervisors of Jefferson County, Iowa, and the county engineer of said county. The petition alleges that decedent was operating an automobile east on a county highway in said county at a point where said highway makes a "T" intersection with another county highway running north and south; that said highway terminated at said intersection with a newly graded drainage ditch about seven feet deep, being located on the east side of the north-and-south highway serving as the "T" at the point where the highway from the west entered the intersection; that said car passed through and over said north-south highway and into the east bank, causing injuries from which decedent died.

The petition alleges freedom from contributory negligence and asserts three specifications of negligence upon the part of

defendants. They are: (a) Failure to post warning signs of the presence of a "T" intersection (b) failing to have a sign warning of the termination of the east-west road, and (c) failure to have a guardrail or barrier against the seven-foot ditch on the east side of said "T" intersection.

All defendants filed motions to dismiss upon various grounds, among them being that of governmental immunity. The motions were sustained as to all defendants. Plaintiff elected to stand on his petition, and from a judgment dismissing the same has appealed.

■■ I. The question of the liability of a county, its officers and its employees for negligence has been before this court on many occasions and involving various forms of negligence. See Montanick v. McMillin, 225 Iowa 442, 280 N.W. 608; Shirkey v. Keokuk County, 225 Iowa 1159, 281 N.W. 837; Perkins v. Palo Alto County, 245 Iowa 310, 60 N.W.2d 562; Wittmer v. Letts, 248 Iowa 648, 80 N.W.2d 561. An examination of these authorities shows the rule to be well established that as to the county and the individual members of the Board of Supervisors there is no liability for nonfeasance in the exercise of a governmental function. As to employees the rule is that a tortious act which causes injury to another in violation of a duty owed to the injured party makes the employee personally liable.

■ Under the authorities above cited it is well settled that the construction and maintenance of the public highways constitute a governmental function. It will also be noted that each of the three specifications of negligence set forth in the petition charges acts of nonfeasance. Clearly, under our long-established rule, there can be no liability as to the defendant County and the individual members of the board.

■ As to the defendant county engineer, even assuming him to be a mere employee, and assuming it to be his duty to erect warning signs, his duty is one owing to the general public and not to any certain individual or this decedent, except as such individual is a part of the general public. Under this situation and under the authority of Montanick v. McMillin and Shirkey v. Keokuk County, both supra, the immunity of the county extends to the employee.

Appellant, in brief and argument, in effect conceded the foregoing statements to be the rule but asks that it be changed. While this rule of governmental immunity as to counties, its officers and employees is a court-made rule, it has been in substance the law of the state for many years. We feel it is based upon sound reason and are not inclined to change it.

The judgment is—Affirmed.

All JUSTICES concur.