Gary HARRYMAN and Virginia Harryman, Individually and as parents of Robert Harryman, formerly a minor, and Robert Harryman, Individually, Appellants,

v.

Gene E. HAYLES, Gilbert McCarty, Robert Riddle, Robert F. O'Malley and Lee County, Iowa, Appellees.

No. 2–58259.

Supreme Court of Iowa.

Sept. 21, 1977.

Fehseke & Fehseke, Fort Madison, for appellants.

Hirsch, Wright, Link & Adams, Burlington, and Barry M. Anderson, Lee County Atty., Keokuk, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

LeGRAND, Justice.

This appeal arises out of an automobile accident in which Robert Harryman (hereafter called Robert), who was then a minor, sustained serious and permanent personal injuries. The accident occurred when a truck in which Robert was a guest passenger overturned after striking a washed-out portion of a county road in Lee County.

Robert started suit seeking damages of $2,000,000 for his injuries. His parents, Gary and Virginia Harryman, joined in the action, asking $100,000 for their separate damages. The action named as defendants Gene E. Hayles, Lee County Engineer, Gilbert McCarty, Robert Riddle and Robert F. O'Malley, members of the Board of Supervisors of Lee County, and Lee County.

The matter reaches us on plaintiffs' appeal from an order sustaining defendants' separate motions to dismiss the petition. We affirm in part, reverse in part, and remand for further proceedings.

■ Our review is limited to the issues raised by, and the allegations contained in, the pleadings. *Stearns v. Stearns,* 187 N.W.2d 733, 734 (Iowa 1971). We take as true all well pleaded facts. *Bailey v. Iowa Beef Processors, Inc.,* 213 N.W.2d 642, 647 (Iowa 1973).

We recite the pertinent facts alleged in the petition as they become important in our discussion of particular issues.

Plaintiffs raise the following principal issues which they rely on for a reversal of the trial court's order:

1. Iowa Code § 613A.5 is unconstitutional on its face as violative of due process and equal protection.

2. Iowa Code § 613A.5 is unconstitutional as applied to these plaintiffs as a violation of the due process and equal protection clauses of the United States Constitution and of Article I, § 6 and § 9 of the Iowa Constitution.

3. The trial court erred in holding no cause of action existed against the individual supervisors and the county engineer.

Before reaching the specific issues, we make a few general observations which should be helpful later in this opinion.

The claims against Lee County were brought under Chapter 613A, which imposes tort liability on governmental subdivisions. Prior to the enactment of Chapter 613A, Iowa adhered to a policy of governmental immunity. In abrogating that doctrine, the legislature attached certain conditions to the rights there created. The one important to this appeal appears in § 613A.5. Although it has since been amended, the statute at all times material here provided as follows:

"Every person who claims damages from any municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 shall commence an action therefor within three months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. Failure to state the amount of compensation or other relief demanded shall not invalidate the notice; providing, the claimant shall furnish full information [regarding the nature and extent of the injuries and damages] within fifteen days after demand by the municipality. No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by his injury from giving such notice."

The present suit was not brought within three months nor was notice given the county within 60 days of Robert's injury. In other words, § 613A.5 was not complied with. In order to prevail, plaintiffs must show compliance was not required.

I. Plaintiffs say the statute is unconstitutional, both on its face and as applied to them. They raise due process and equal protection arguments.

■ We quickly dispose of the claim the statute is unconstitutional on its face by relying on what we said in *Shearer v. Perry Community School District*, 236 N.W.2d 688, 692–693 (Iowa 1975) and *Lunday v. Vogelmann*, 213 N.W.2d 904, 907 (Iowa 1971), where we held the statute valid. Those cases are dispositive of this issue.

■ II. This brings us to the more difficult problem presented by Robert's assertion the statute is unconstitutional as applied to him. It is, of course, possible for a statute which is valid generally to be unconstitutional in its application under particular facts. *See Walker v. Johnson County*, 209 N.W.2d 137, 140 (Iowa 1973) and authority there cited.

We digress here to describe the injuries Robert suffered in this accident as they are set out in the petition. He was rendered unconscious, his spinal cord was severed, five vertebrae were broken, and he was, for a time, completely paralyzed. He is now a quadriplegic with only limited ability to move his shoulders and will be confined to a wheelchair for the rest of his life. He was hospitalized continuously from August 24, 1972, until August 10, 1973, and was rehospitalized nine times between that date and August 8, 1974, the date upon which his claim was first asserted against Lee County, although he had filed suit against the individual defendants earlier.

Robert seeks to excuse his failure to comply with § 613A.5 on the grounds he was incapacitated from filing suit or giving notice because of his injuries. He alleges that condition continued up to the very time his petition was filed. This forms the background for his claim the statute is unconstitutional when it is sought to be applied against him by arbitrarily placing a 90-day limit on the period of incapacity which will excuse failure to give notice under § 613A.5. We hold there is merit to his claim.

It is important to understand the precise ground upon which Robert relies. As already mentioned, we have previously upheld the statute against general constitutional attacks. Here Robert presents a new constitutional issue. He insists the statute offends both the equal protection and due process clauses because it denies to some incapacitated claimants (those whose incapacity extends beyond 90 days) the same consideration it gives to other incapacitated claimants (those whose incapacity is less than 90 days).

■ We agree that this provision cannot withstand an equal protection challenge. While there is no requirement all must be treated alike in order to satisfy

equal protection standards under the 14th Amendment, the differences in classification must be reasonable and bear some relationship to a legitimate state interest. *Keasling v. Thompson,* 217 N.W.2d 687, 690–691 (Iowa 1974); *Lunday v. Vogelmann, supra,* 213 N.W.2d at 904, 907. We have considered every possible hypothesis under which this statute might be sustained. We are unable to save a provision under which some injured claimants are allowed to recover from their incapacity before being required to give notice of claim while others identically situated except as to the severity of their injuries are denied that same right. The statute now creates *two* classes of incapacitated persons solely on the basis of how badly they have been hurt.

If incapacitated claimants are to be allowed a "reasonable" extension of time to give notice, *all* incapacitated claimants must be treated the same. This statute is fatally bad because it fails to satisfy this requirement.

We believe a proper result can be obtained by excising from § 613A.5 the words "not to exceed 90 days." This would eliminate the offensive part of the section, leaving intact the main purpose of the statute and giving effect to the clear intention of the legislature that incapacitated claimants be given a reasonable time to notify the governmental defendant of the injury.

This conclusion by no means ends our inquiry into this phase of the case. We must also consider what effect our decision has on the statute as a whole and determine if the entire section must fall because a part is invalid.

We discussed this same question at length in *State v. Monroe,* 236 N.W.2d 24, 35–37 (Iowa 1975). *See also State v. Blyth,* 226 N.W.2d 250, 261–262 (Iowa 1975); *State v. Books,* 225 N.W.2d 322, 325–326 (Iowa 1975); *Frost v. State,* 172 N.W.2d 575, 586 (Iowa 1969).

From these and other cases there cited, we learn the question is one of legislative intent. If it appears the legislature would probably have enacted the statute even if the objectionable part had been omitted and if it appears the statute can still accomplish the principal legislative purpose, the remaining valid part is said to be severable from the invalid. In such cases our obligation is to save as much of the statute as possible, eliminating only that which is necessary to make it constitutionally sound.

Applying those principles to this case, we hold § 613A.5 is a valid and enforceable statute except for the words "not to exceed 90 days." Those words are stricken. The statute with this modification is valid and enforceable.

We now hold a person incapacitated as provided in § 613A.5 has 60 days following the termination of his incapacity to give the statutory notice of injury. *Cf. Sprung v. Rasmussen,* 180 N.W.2d 430, 433 (Iowa 1970) and *Bennett v. Ida County,* 203 N.W.2d 228, 234 (Iowa 1972).

Our decision on equal protection makes it unnecessary to review the claim the statute also violates due process.

Even this, however, does not necessarily salvage Robert's cause of action because no notice of injury has ever been given to Lee County. We have said substantial, rather than literal, observance of this statute is sufficient. *See Vermeer v. Sneller,* 190 N.W.2d 389, 392–95 (Iowa 1971).

In a case involving another short-notice statute, we recently held filing a petition was enough to satisfy the notice requirement of § 123.93, our dram shop statute. *Harrop v. Keller,* 253 N.W.2d 588, 592–593 (Iowa 1977). In *Harrop* we compared the purpose of the notice to be given under § 123.93 with that to be given under § 613A.5. There we said:

"The purpose of the notice requirement of § 123.93 becomes important. Some light on that purpose can be shed by our pronouncements interpreting a somewhat analogous statute, § 613A.5, The Code. It requires a written notice to a municipality before a tort suit may be brought against it. The purpose for the § 613A.5 notice is to provide a method for prompt communication of the time, place and cir-

cumstances of injury in order to accord the prospective defendant the opportunity to investigate while the facts are fresh. *Lunday v. Vogelmann*, 213 N.W.2d 904, 907 (Iowa 1973); *Norland v. Mason City*, 199 N.W.2d 316, 318 (Iowa 1972).

"Notwithstanding certain drafting differences between § 613A.5 and § 123.93 we believe the purpose behind each notice requirement is the same. * * * There are only three matters required for inclusion in the notice by § 123.93. The notice must indicate the time, place, and circumstances causing the injury. Plaintiff's petition notified defendants of all these matters. * * * We hold bringing the suit was itself sufficient notice under § 123.93."

■ Relying on the rationale of the above statement, we now hold bringing suit was sufficient notice under § 613A.5, assuming Robert proves his incapacity as alleged in the petition.

*Harrop* is helpful, too, in another area. In that case, as in the one now before us, plaintiff was required to plead his incapacity by ultimate facts sufficient to relieve him from the duty of filing notice within the statutory time.

■ We adopt this statement from *Harrop*, 253 N.W.2d at 592, as applicable here concerning the nature of the incapacity which must be pled:

"The statute does not spell out the degree of incapacitation required for extension. We believe the legislature intended that claims of incapacitation be resolved on the basis of reasonableness. We think the section seeks to free the injured party from concerning himself with litigation until he is reasonably able to counsel with his attorney. Plaintiff alleged incapacitation sufficient to prevent him a reasonable opportunity to counsel with his attorney. No greater incapacitation is required under § 123.93."

■ We have not overlooked the fact that § 613A.5 is a statute of creation rather than a statute of limitation. In such cases the general rule is that the legislature may attach its own conditions to an exercise of the rights granted. *Bennett v. Ida County*, 203 N.W.2d at 235–236; *Sprung v. Rasmussen*, 180 N.W.2d at 433. Our conclusion here does not violate that principle, which surely cannot be extended to include authority to impose unconstitutional conditions on the exercise of the rights granted. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713, 730 (1974).

Nothing we have said touches on the merits of the fact question concerning Robert's incapacity to give notice. As already mentioned, this matter is here on a motion to dismiss, and we accept his allegations on that score as true. At trial he has the burden of establishing that fact.

■ III. This brings us to the claim of Robert's parents against Lee County, which we hold is barred by their failure to give notice to the county within the statutory period. They were under no incapacitation. The fact their son was incapacitated does not excuse them from giving notice of their own claim. *Cf. Schnebly v. Baker*, 217 N.W.2d 708, 721–23 (Iowa 1974).

Although they allege in their petition that they themselves were incapacitated, this allegation is a mere conclusion which is obviously based upon Robert's, rather than their own, disability. This is not a well pleaded fact. We give it no effect. *Bailey v. Iowa Beef Processors, Inc.*, 213 N.W.2d at 648. We refuse to extend the statute so that the parents can rely on Robert's disability to postpone their own obligation under the statute. We accordingly affirm the trial court's order dismissing the claim of Gary Harryman and Virginia Harryman against Lee County.

IV. We next come to the claim of both Robert and his parents against the individual members of the Board of Supervisors and against the county engineer. We have held that the notice provisions of § 613A.5 have no application to suits against the individual employees or officers of a governmental unit. *See Flynn v. Lucas County Memorial Hospital*, 203 N.W.2d 613, 615–616 (1973); *Vermeer v. Sneller*, 190 N.W.2d at 392.

The petition alleges acts of both nonfeasance and misfeasance against the individual defendants. Defendants contend they have no liability because any conduct charged to them was performed in discharging a statutory duty with regard to the maintenance of highways and roads.

The trial court dismissed those counts of the petition directed against the individual members of the Board of Supervisors and the county engineer on grounds that they failed to state a claim upon which relief could be granted. The court held that the acts of negligence alleged in the petition related to the performance of statutory duties by the defendants in their official capacities, and that these duties were therefore owing only to the general public, not to the plaintiffs individually. *Lacy v. City of Des Moines*, 253 Iowa 621, 113 N.W.2d 279 (1962); *Smith v. City of Iowa City*, 213 Iowa 391, 239 N.W. 29 (1931), *overruled in part on other grounds, Hall v. Town of Keota*, 248 Iowa 131, 79 N.W.2d 784 (1956).

Defendants urge on appeal an additional ground not relied on by the trial court—that their acts constituted nonfeasance only, for which no liability can attach to public officers and employees. *Perkins v. Palo Alto County*, 245 Iowa 310, 60 N.W.2d 562 (1953).

This issue requires some discussion of our prior decisions and of the reason we hold the trial court erred in dismissing the action as to the individual defendants.

We have not had occasion to consider the matter raised here since the passage of Chapter 613A in 1967. The pertinent cases cited by defendants in support of their argument all antedate the enactment of that chapter. They were decided when our law immunized counties and other governmental subdivisions from liability for torts committed in the exercise of governmental functions. *See Genkinger v. Jefferson County*, 250 Iowa 118, 93 N.W.2d 130 (1958); *Wittmer v. Letts*, 248 Iowa 648, 80 N.W.2d 561 (1957). These cases, and others like them, were good authority as long as we recognized the immunity of governmental subdivisions in discharging governmental functions. However, the abolition of governmental immunity by Chapter 613A renders them no longer persuasive.

It is likewise true previous distinctions between governmental and proprietary functions and between nonfeasance and misfeasance are no longer meaningful. Like the principle upon which they depended—governmental immunity—they now lack any application to the liability of either governmental subdivisions or those individuals through whom those bodies necessarily act.

That the rationale for the rule barring liability of officers and employees was dependent upon the doctrine of governmental immunity is well illustrated in *Wittmer v. Letts, supra*. That case held the individual trustees of a county hospital, the operation of which was a proprietary function of the county, were liable for their torts. The court stated at 80 N.W.2d at 564:

"The motion to dismiss as to all defendants, other than the county, rests upon the contention that they being merely agents of the county and performing a governmental function, are entitled to the same immunity as is the county. *There being no immunity in the county it must necessarily follow that there is no immunity as to them.*" (Emphasis supplied.)

Several earlier cases expressly held that the non-liability of officers and employees derived from the governmental immunity of the employing body. *See Gibson v. Sioux County*, 183 Iowa 1006, 168 N.W. 80 (1918); *Snethen v. Harrison County*, 172 Iowa 81, 152 N.W. 12 (1915); *Wood v. Boone County*, 153 Iowa 92, 133 N.W. 377 (1911).

Although not expressly stated, this rationale underlies, too, statements in cases like *Lacy v. City of Des Moines, supra*, holding that officers and employees were not liable for acts performed in the exercise of their official or statutory duties relating to governmental functions. In *Lacy* we said:

"In *Snethen v. Harrison County, et al.*, 172 Iowa 81, 87, 152 N.W. 12, 13, it is said: 'Upon this proposition, [the immunity of agents and employees of governmental subdivisions] there is a lack of uniformity in the decisions of the various courts of this country; but, after a careful examination of the underlying principles which should govern, this court has held that *the agents who perform the governmental functions are no more responsible than the artificial body—the corporation for which they acted.* We see no reason for departing from any of these established rules.' " (Emphasis supplied.) 253 Iowa at 626, 113 N.W.2d at 282.

Although the *Snethen* case from which this statement was taken is listed in Shepard's Northwestern Reporter Citations as having been overruled by *Dan Dugan Transport Co. v. Worth County*, 243 N.W.2d 655 (Iowa 1976), we do not agree that it was. In any event *Dugan* did not touch on the matter contained in the above quotation.

We believe the trial court was wrong, too, in its conclusion the individual defendants owed no duty to plaintiffs. The cases upon which that theory depends are also based on governmental immunity. For example, in *Genkinger v. Jefferson County, supra*, 93 N.W.2d at 132, the court held the statutory duty of a county engineer to maintain roads in a safe condition was "owing to the general public and not to any certain individual or this decedent, except as such individual is a part of the general public." In this situation, the court said, "the *immunity* of the County extends to the employee." [Emphasis added.]

■ We hold the abrogation of governmental immunity means the same principles of liability apply to officers and employees of municipalities as to any other tort defendants, except as expressly modified or limited by the provisions of Chapter 613A. In that regard we take § 613A.4(3) to mean simply that there is no liability for the acts of an officer or employee unless there is negligence. This does not conflict with our holding here.

We add, too, that this rule imposes no undue hardship on those individuals since they are indemnified in most instances by their governmental employer under § 613A.8.

We point out parenthetically this results in the very anomaly predicted in the dissent in *Flynn v. Lucas County Memorial Hospital*, 203 N.W.2d at 618. It is indeed strange that Lee County cannot be held directly liable on the claim of Robert's parents but may nevertheless be compelled to indemnify the supervisors and the county engineer on that same claim. The legislature has now remedied this by making the notice provisions of § 613A.5 applicable to officers, agents, and employees as well as to the municipality itself. *See* Chapter 1263, § 5, Laws of the 65th G.A. (1974).

■ In this case, the Board of Supervisors and county engineer clearly had a duty to maintain the county roads in proper condition. §§ 309.67, 319.1, 319.7, The Code, 1971. This duty runs to all those rightfully using the roads. *Cf. Conrad v. Board of Supervisors*, 199 N.W.2d 139, 144 (1972). A breach of that duty can occur either by negligent commission or omission. Whether the duty was breached, and if so, whether it was a proximate cause of the injuries, are matters to be determined at trial. The trial court erred in deciding plaintiffs had not stated a cause of action, and we reverse that portion of the order as to both Robert and his parents.

V. We find it unnecessary to discuss or decide several other issues raised since what we have already said disposes of the appeal.

VI. In summary we hold as follows:

1. The ruling dismissing Robert's petition against Lee County is reversed because § 613A.5 insofar as it limits Robert's right to file a late notice to 90 days is unconstitutional. For that purpose he is entitled to 60 days after his incapacitation ended. The period during which he was incapacitated is a fact question to be determined at trial.

2. While Robert did not file a notice with the county, the filing of his petition

constitutes substantial compliance with the notice requirement of § 613A.5 if the petition was filed within 60 days after the termination of his incapacity.

3. The ruling dismissing the petition of Robert's parents against Lee County for failure to give the notice required by § 613A.5 is affirmed.

4. The ruling dismissing the petition of both Robert and his parents against the individual defendants is reversed.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.

All Justices concur except REYNOLDSON, J., who concurs specially.

REYNOLDSON, Justice (concurring specially).

I concur in divisions II and IV of the majority opinion. I would reach a different result on the issues treated in divisions I and III, for reasons stated in my dissents filed in *Shearer v. Perry Community Sch. Dist.*, 236 N.W.2d 688, 694 (Iowa 1975) and *Lunday v. Vogelmann*, 213 N.W.2d 904, 908 (Iowa 1973).