S. Margaret GLEASON, Appellant,

v.

The CITY OF DAVENPORT, Iowa, a Municipal Corporation, Appellee.

No. 61716.

Supreme Court of Iowa.

Feb. 21, 1979.

Thomas J. Shields of Lane & Waterman, Davenport, for appellant.

E. Scott Hartsook, City Atty., of Davenport, for appellee.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McCORMICK and LARSON, JJ.

REES, Justice.

This is an appeal by plaintiff S. Margaret Gleason from the order of the trial court sustaining defendant City of Davenport's motion for summary judgment in her tort action for damages as the result of plaintiff's fall on the sidewalk in front of her apartment in Davenport. We reverse and remand for further proceedings.

In its ruling on the defendant's motion for summary judgment, the trial court found plaintiff had failed to comply with the 30-day notice requirement of § 420.45, The Code, which governs tort actions brought against special charter cities. Plaintiff contends § 420.45 is unconstitutional as violative of the due process and equal protection clauses of the United States and Iowa Constitutions. Appellant further contends that § 420.45 was implicitly repealed by the legislature in the enactment of § 613A.5, which deals with the general tort liability of Iowa municipalities, and that plaintiff complied substantially with the provisions of § 420.45.

Ms. Gleason was injured on October 18, 1976, when she fell on the sidewalk in front of her apartment in Davenport. She sustained a broken hip, requiring surgery and a lengthy convalescence, during which she was unable to care for herself physically or to conduct her ordinary business affairs. After her return to her apartment on or about December 1, 1976, Ms. Gleason filed a notice of claim against the City of Davenport, and shortly thereafter (on December 16) instituted this action against the City of Davenport by filing her petition alleging the negligence of the City to have been the proximate cause of her injury and damage.

On January 18, 1977, defendant City filed its answer, denying all of the allegations of plaintiff's petition and asserting that plaintiff had failed to file her notice of claim against the City within 30 days, as mandated by § 420.45, The Code. On November 1, 1977, the City filed its motion for summary judgment, which the plaintiff resisted asserting the aforementioned constitutional infirmities of the statute involved, as well as the implicit repeal challenge and a claim of substantial compliance with § 420.45. Hearing was held on defendant's motion and plaintiff's resistance on November 21, 1977, and on January 31, 1978 the trial court entered its ruling sustaining defendant's motion for summary judgment.

Timely notice of appeal to this court was filed by the plaintiff.

We are not involved with any factual dispute in this case. Admittedly, the plaintiff did not file her notice of claim within the 30-day period prescribed by § 420.45, during which period Ms. Gleason was either hospitalized or a patient at a convalescent care center. Her notice of claim was given to the defendant City within the 60-day period required by § 613A.5, applicable to all claims against Iowa municipalities except those against special charter cities, which are limited by § 420.45. *Lemon v. City of Muscatine,* 272 N.W.2d 429 (Iowa 1978).

The sole question for review is whether the trial court erred in sustaining defendant City's motion for summary judgment in the face of the various challenges of the plaintiff to § 420.45 and her claim of substantial compliance.

Although plaintiff challenges the constitutionality of § 420.45, The Code, as applied to her, on the separate grounds of being violative of the substantive due process, procedural due process, and equal protection provisions of the federal and state constitutions, in addition to her implicit repeal and substantial compliance contentions, we deem it unnecessary to set out all of the issues stated for review and argued by the parties in light of the fact that we find one of the issues before the court to be dispositive of this appeal. Because we conclude the trial court's ruling on the plaintiff's equal protection challenge to § 420.45 to have been in error, we shall concern ourselves solely with that issue.

I. Plaintiff contends § 420.45 is violative of the equal protection clause of the Fourteenth Amendment of the federal constitution and Article I, § 6 of the Iowa Constitution due to the fact that those having claims against special charter cities are required to give notice to such city within 30 days of an alleged injury, while § 613A.5, The Code, requires notice of claim to be given to all other municipalities within 60 days of the alleged injury. Because we find there is no rational basis for such a distinction, we conclude § 420.45 is violative of equal protection and thus reverse the ruling of the trial court on defendant's motion for summary judgment and remand this case for further proceedings.

Section 420.45, The Code, provides as follows:

"In all cases of personal injury or damage to property resulting from defective streets or sidewalks, or from any cause originating in the neglect or failure of any municipal corporation or its officers to perform their duties, no suit shall be brought against any such city after three months from the time of the injury or damage, and not then unless a written verified statement of the amount, nature, and cause of such injury or damage, and the time when and the place where such injury occurred, and the particular defect or negligence of the city or its officers which it is claimed caused or contributed to the injury or damage, shall be presented to the council or filed with the clerk within thirty days after said alleged injury or damage was sustained."

Section 613A.5, The Code, provides in relevant part:

"Every person who claims damages from any municipality . . . for or on account of any wrongful death, loss or injury . . . shall commence an action therefor within six months, unless said person shall cause to be presented to the governing body of the municipality within sixty days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. . . . No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two years after such notice. The time for giving such notice shall include a reasonable length of time, not to exceed ninety days, during which the person injured is incapacitated by his injury from giving such notice."

We have recently held that § 420.45, rather than the general provision of § 613A.5, is to be applied to claims against special charter cities, and that § 613A.5 did not implicitly repeal § 420.45. See *Lemon v. City of Muscatine*, 272 N.W.2d 429 (1978). The question of equal protection had not been preserved as error in the *Lemon* case as it has been in this matter.

The failure of plaintiff to file a notice of claim against the City of Davenport within 30 days of the date of her injury, under a literal reading of § 420.45, would bar the prosecution of her claim. Had her claim been subject to § 613A.5, her notice would have been in compliance with the 60-day requirement of § 613A.5, and her claim would consequently not have been barred.

The provisions of § 420.45 apply to those cities currently holding special charter city status; namely: Davenport, Muscatine, Wapello and Camanche; such status being derivative of the organization of the aforementioned cities before the adoption of the present state constitution. Claims against all other municipalities within the state are regulated by § 613A.5. The effect of the statutes is to create two classifications of claimants against municipalities, those with claims against special charter cities and those with claims against other municipalities within the state.

The plaintiff, finding this distinction to operate to her detriment, challenges the classifications resulting from these statutes as violative of § 1 of the Fourteenth Amendment to the United States Constitution and § 6 of Article I of the Constitution of Iowa, the federal and state equal protection clauses. She first alleges that § 420.45 violates her due process right to opportunity to be heard in court, and that a strict level of scrutiny should be applied in evaluating the statutes. In the alternative, she contends that the classification of claimants resulting from the application of §§ 420.45 and 613A.5 is violative of her equal protection rights under the "rational basis" test, recognized by us in *Harryman v. Hayles*, 257 N.W.2d 631, 634–5 (Iowa 1977); and in *Lunday v. Vogelmann*, 213 N.W.2d 904, 907 (Iowa 1973).

■ Before passing on the merits of appellant's arguments, we first note that the burden of proof is on the challenger of the statute, there being a presumption in favor of the constitutionality of any enactment of the legislature, *Shearer v. Perry Community School District*, 236 N.W.2d 688, 691 (Iowa 1975). Because we find the classification of claimants resulting from the application of §§ 420.45 and 613A.5 to be in violation of the "rational basis" equal protection standard, we need draw no conclusion regarding plaintiff's alleged due process claim of right of access to the courts.

We have given several formulations to the rational basis due process standard. In *Harryman v. Hayles*, supra at 634–5, we said:

"While there is no requirement all must be treated alike in order to satisfy equal protection standards under the 14th Amendment, the differences in classification must be reasonable and bear some relationship to a legitimate state interest."

In *Redmond v. Carter*, 247 N.W.2d 268, 271 (Iowa 1976), we said:

"The equal protection clause proscribes state action which irrationally discriminates among persons. (Citation). We recognize that it is often necessary for the state to divide persons into classes for legitimate state purposes, but the distinction drawn between the classes must not be arbitrary or unreasonable. The classification must be based upon some apparent difference in situation or circumstances of the subjects placed within the one class or the other which establishes the necessity or propriety of discrimination between them. Such discrimination is unreasonable if the classification lacks a rational relationship to a legitimate state purpose. *Weber v. Aetna Casualty and Surety Co.*, 406 U.S. 164, 172, 92 S.Ct. 1400, 1405, 31 L.Ed.2d 768, 777 (1972)."

In addressing the constitutional contentions of the plaintiff, the trial court found the issue to have been disposed of by our pronouncements in *Shearer v. Perry Community School District*, supra, and *Ulbrecht v. City of Keokuk*, 124 Iowa 1, 97 N.W. 1082 (1904). *Shearer* involved an equal protection challenge to § 613A.5 alone and made no mention of the distinction between §§ 420.45 and 613A.5. The equal protection issue in the matter before us here is dissimilar to that decided in *Shearer*, and therefore *Shearer* provides little, if any, guidance in resolving the issue at hand.

In *Ulbrecht*, at page 4 of Iowa 124, 1083 of 97 N.W., we upheld the predecessor of § 420.45 against a constitutional attack on grounds that:

"It is true that under the present Constitution special charters to cities and towns cannot be granted. But all special-charter cities were in existence as such

when the present Constitution took effect, and it was not intended by the provisions thereof to work a repeal of the charters theretofore granted and in existence. *Warren v. Henly*, 31 Iowa 31. Now the statute has application to all cities acting under special charter. Such constitute a class by themselves, and the statute has uniform operation, as affecting alike each and every city falling within the class designation."

In *Ulbrecht* we thus found historical justification for distinguishing special charter cities from those incorporated under the current constitution, and apparently answered the equal protection issue by saying that all special-charter cities, all cities thought to be similarly situated, were accorded similar and uniform treatment by the law.

Section 613A.5 was not involved in *Ulbrecht*, nor could it have been, there being no statute corresponding thereto at the time *Ulbrecht* was decided. Therefore, claims against non-special charter municipalities were not considered in *Ulbrecht* regarding equal protection. As a result, the issue faced by the court in *Ulbrecht* and the issue before us are not identical. In the light of the brevity of the analysis in *Ulbrecht* and the lack of congruity of the issues, *Ulbrecht* cannot be said to provide a precedent in resolving an equal protection challenge to the classification of claimants resulting from the application of §§ 420.45 and 613A.5.

In this case the classifications to be scrutinized involve not only special charter cities, but all other Iowa municipalities as well. The plaintiff contends that there is no rational basis for distinguishing between special charter cities and other Iowa municipalities with regard to limitations upon claims and that, therefore, the same standard should be applied. The City argues that the shorter period of limitation for charter cities has a rational basis due to their predating the present state constitution, terming § 420.45 a "grandfather" clause and citing *City of New Orleans v. Dukes*, 427 U.S. 297, 96 S.Ct. 2513, 49

L.Ed.2d 511 (1976), to support its claim of constitutionality.

While the "grandfather" clause in *Dukes* was found to rationally further the city's purpose "to preserve the appearance and custom valued by the Quarter's residents and attractive to tourists", 427 U.S. 305, 96 S.Ct. 2517, 49 L.Ed.2d 517, it is difficult to discern any corresponding rationale for distinguishing between claims against special charter cities and those against other Iowa municipalities. We have found a rational basis for distinguishing public and private tortfeasors, *Lunday v. Vogelmann*, 213 N.W.2d 904, 907–908 (Iowa 1973); but there appears to be no basis for drawing a further distinction among municipal tortfeasors, regardless of their origin. The City of Davenport cites no special or unique needs of special charter cities which would explain or justify the differences between §§ 420.45 and 613A.5, nor can we conceive of any. Since the difference in classification of claimants resulting from §§ 420.45 and 613A.5 is unreasonable and lacks a rational relationship to a legitimate state interest, application of the terms of § 420.45 which are inconsistent with those of § 613A.5, the statute of general applicability, constitutes a violation of equal protection of the laws under both the state and federal constitutions. *Harryman v. Hayles*, supra. In the absence of a rational basis for distinction, all municipalities in Iowa constitute a class upon which the law should operate in a uniform manner regarding civil liability. The statute applicable to municipalities generally, § 613A.5, should be applied where §§ 613A.5 and 420.45 are inconsistent.

The Supreme Court of the State of Washington has reached a similar conclusion regarding statutes which established varying periods of limitation for claims against different governmental entities in *Jenkins v. State*, 85 Wash.2d 883, 540 P.2d 1363 (1973). The following excerpt from *Jenkins*, which appears at page 1367 of 540 P.2d, is both analogous to and supportive of the result we reach here:

"In practical terms, then, RCW 36.45.-030, in the context of other statutes relating to governmental tort liability, establishes two distinct levels of classification or discrimination. First, the provision treats counties differently than all other governmental entities, including the state, by providing for a significantly shorter period during which actions may be commenced against it. Second, the statute discriminates between victims of the tortious conduct of counties and victims of the tortious conduct of other governmental entities. In effect, victims of the tortious conduct of counties suffer the 'burden' of having to commence their actions within three months of the expiration of the 'presentation period', while victims of the tortious conduct of other governmental entities, including the state, enjoy the relative 'privilege' of commencing their actions within three years of the date of the occurrence. In other words, RCW 36.45.030 provides a glaring exception to the otherwise uniform scheme of governmental tort liability in the State of Washington.

"No rational permissible reason has been offered, nor have we been able to discern one, which would justify making such a distinction between counties and other governmental entities or between victims of the tortious conduct of counties and victims of the tortious conduct of other governmental entities. The only reasons offered by respondent to justify the classifications made relate to the reasonableness of limitations on the commencement of causes of action against governmental entities in general."

Wisconsin has reached a similar conclusion regarding distinctions between private tortfeasors in *Kallas Millwork Corporation v. Square D Co.*, 66 Wis.2d 382, 225 N.W.2d 454 (1975).

II. In conclusion we hold that, in the absence of a rational basis for providing otherwise, all persons similarly situated must be provided equal access to the courts for the redress of wrongs allegedly committed by municipalities. We hold § 420.45 to be violative of equal protection to the extent that it applies a different time limitation to claims against municipalities than that set out in § 613A.5, The Code. We conclude, therefore, the trial court erred in sustaining defendant's motion for summary judgment and thus remand this case for further proceedings on plaintiff's petition.

REVERSED AND REMANDED.